THE EXCELSIOR CARPET LINING COMPANY ADS. BENJAMIN C. POTTS.

Where a reference is ordered by the court, with the consent of parties, the report of the referee will be controlled as the verdict of a jury would be, and set aside if unsupported by the evidence.

[See rule of Supreme Court, June Term, 1873, by which the submission may be conclusive or otherwise.]

---

On motion for rule to show cause why the report of the referee should not be set aside.

Argued at February Term, 1873, before Justices WOODHULL, VAN SYCKEL and SCUDDER.

For the motion, *I. W. Scudder.*

For the plaintiff, *J. Linn.*

The opinion of the court was delivered by

SCUDDER, J. The issue in this case coming on for trial at the Circuit Court of Essex county, it was ordered by the court upon the written consent of the attorneys, that it be referred to Jacob Weart, Esq., to hear and determine the same, and make his report thereon to the court, according to law. The report was made February 22d, 1873, allowing the plaintiff a balance of $1010, with interest, amounting in all to $1092.70.

The motion to set aside the report is based upon the allegation that the finding of the referee is against the weight of evidence. Before considering this question, it is necessary to determine the point raised by the plaintiff's counsel, that the reference, although made by an order of the court, was by the written consent of the parties, and that they are concluded by the report of the referee. These references have become more frequent in the practice at our circuits, of late years, than formerly, because of the great increase in the amount of business, and they are resorted to both in and out of the court, and for the convenience of the parties. Where matters of account are referred under practice act (§§ 201, 202) without consent of parties, provision is made for a dissent from the report of the referee, and a trial by jury. But we have no statute regulating references ordered by the court, by the consent of parties. While the former practice was to treat such references as voluntary submissions to a tribunal chosen by the parties themselves, and conclusive as the awards of arbitrators, a different rule has gradually found favor in some of our courts, where the pressure of business has been greatest, and the reports of referees have been controlled as the verdicts of juries would be, and set aside where they are unsupported by the evidence; or if the referee must have contravened some rule of law in reaching the conclusion.

This practice has been sanctioned by this court in the case of *Fitch* v. *Archibald*, 5 *Dutcher* 160, by express decision; and in more recent cases it has been acquiesced in without discussion. In November Term, 1872, the report of a referee appointed by consent of parties, was set aside in Hutton *v.*

West Jersey Railroad Company, because the report was clearly against the weight of testimony.

Whatever may be our misgivings as to the correctness of this later practice upon principle, or in policy, it is now too late to turn our steps backward into the old paths, without more manifest tokens of its injustice or impolicy, than any that have yet appeared.

We shall therefore hold, as in Fitch v. Archibald, that the report of a referee appointed by the court, by consent of parties, is entitled to the same weight as the verdict of a jury upon the facts of the case.

The facts, as they appear in the evidence before the referee, are few. The plaintiff, Benjamin C. Potts, and Israel D. Condit were engaged, as a firm, in the manufacture of paper, at Millburn. In July, 1871, it was proposed to dissolve this firm, and certain parties in New York were to become associated with Condit and Potts in the manufacture of certain articles of carpet lining, which the Excelsior Carpet Lining Company owned or controlled by letters patent. An agreement was first prepared, by which Potts was to be the practical manager at the mill, and to receive a salary of $1200 per year, and one-fourth share of the profits. This agreement was not executed. By an arrangement between the company and Condit, the machinery was put in at the expense of the Excelsior company, and Potts acted for about six months as superintendent in placing the works, visiting Baltimore, Boston, and other cities, to examine similar factories. He had no previous knowledge of the machinery or patented process, and it appears, that while experimenting, and when completed under his direction, it did not succeed in making the goods. He received $300 in payments, at different times. He was discharged, and claimed compensation for his services as an expert, or engineer in setting the machinery, &c. He was by profession a civil engineer. His claim was $10 a day for his services; while the company claim that he was working for Condit, under an agreement to pay at the rate of $1200 per year, or $100 per month.

It was also claimed, and not denied, that some of the officers of the company had told him he should be paid for services while he was there engaged at the machinery, and gave him directions about the work. These are the main facts, and sufficient to show that the principal matter of dispute between the parties was, whether there was an express contract for a certain sum to be paid for these services, or whether there was only an implied contract to pay what his labor was worth, and if the latter, what was a reasonable compensation. He claimed $10 per day, while the company denied that his work was worth anything, asserting that he had largely damaged them by his want of skill. There was testimony on both sides, and after reading and considering it, my conclusion is, that there is not that clear preponderance of proof on the part of the defendants, nor new evidence discovered and shown, that would justify this court in setting aside the report of the referee.

The motion is therefore denied.

CITED in *Beattie* v. *David*, 11 *Vr.* 102.