[MAY TERM, 1796.]

RICHARDS *against* DRINKER, SALTAR and others.

In an action of debt upon an award, an award made by the arbitrators, though liable to legal objections, is admissible in evidence; its operation must be determined in another mode.

Upon a plea of *no award,* the defendant is not permitted to introduce evidence to prove the illegality of the award.

· Under a plea of *no award,* evidence of performance is inadmissible.

Whenever the plaintiff declares upon an award which is absolutely void, he cannot have judgment upon it, though the defendant may have pleaded erroneously.

When the arbitrators expressly decline deciding upon some of the matters submitted, their award is void.

This was an action of debt, brought on a bond dated the 23d day of January, 1793, in the penalty of £1000, conditioned for the performance of an award. Saltar alone was taken. The defendant, after *oyer,* pleaded that no award was made.

The bond was proved, by which the parties submitted " all and all manner of action and actions, cause and causes of action, suits, bills, bonds, sum and sums of money, trespasses, accounts and demands whatsoever, at any time heretofore made, done, committed, or depending by or between the parties."

January 25th, the five arbitrators, after hearing the parties, made their award, by which they determined—

1. That all actions or suits cease and determine.

2. That all the wood now standing on a survey which the Atsion Company hold under Josiah Foster, on the southerly side of Egg Harbor road, adjoining forty-seven acres surveyed for and belonging to Richards; and also the wood on fifty acres, to be laid off from a survey made for Atsion

Richards *v.* Drinker et al.

Company, on the northwardly side of the said road, adjoining to a survey of the Earls, beginning at a pine tree, by the side of the said road, marked H D, and to be laid off in as compact a body from said beginning as the shape of the survey will admit of.

3. That the right of Richards to the ore within the reputed and established bounds of Estill's surveys, at the time he conveyed to Read, is good, and no survey made, or to be made, within Estill's line, can invalidate or destroy the same.

4. The Atsion Company shall have a free and uninterrupted passage up and down Atison river with their boats, on their assisting Richards, and being at an equal expense in erecting, and from time to time in repairing such banks and dams as will prevent the water, when they draw for their own use, from overflowing the beds of ore, and preventing the raising and carting the ore. If the company shall neglect, Richards may cause the same to be done, and the company shall pay a moiety, subject to a reasonable assessment of indifferent men, to be chosen by the parties.

5. They award, that the Atison Company shall pay to Richards the sum of £5 10s. being the expenses of a former arbitration, and further costs accrued respecting the premises, exclusive of the book accounts of the parties.

There was no replication put in to the defendant's plea, and, on the trial, the counsel for the plaintiff orally assigned the breach in the *fifth* article of the award, in the failure on the part of the defendants in paying the £5 10s. which was there directed.

*Woodruff,* (attorney-general) *Leake* and *A. Ogden,* against the reading the award, for the defendant, took several exceptions to the award.

1. The submission embraces a great variety of matters. Accounts are particularly specified, and no award is made as to them; hence it is not conformable to the submission.

In fact the fifth section of the award expressly excepts the book accounts of the parties. This is clearly illegal. In *Kyd on Awards* 114, (*Phil. edit.* 171) it is expressly laid down, "that the award must be according to the submission, that is, it must comprehend every thing submitted, and must not be of parcel only. The purpose of the parties in submitting is, to have a final determination of every matter comprehended within their submission : that purpose is not obtained when the award only comprehends a part." The replication of the plaintiff ought to shew that the award was made in all points pursuant to the authority of the arbitrators. 1 *Com. Dig.* 357, *Arbitrament I.* 6.

2. The second item of the award is illegal and void, in awarding all the wood on Foster's survey, and fifty acres in another survey, because uncertain, so as not to admit of performance.

Under this head, the counsel contended—1. It does not direct who shall set off the wood, or the fifty acres; the party cannot be guilty of a breach, for he cannot know who is to do it.

2. It is not shewn to whom it is to be set off; the award in this particular is utterly incomprehensible.

3. The fifty acres are to begin at a pine tree; it is not stated where this tree stands, on which side of the land, nor in what direction the lines are to be run.

4. No time is prescribed within which it is to be set off; and no request has been alleged; nor does it even appear what setting off means.

5. It does not appear what estate is to be had in the land thus set off, whether in fee simple, fee tail, &c.

All these objections lie to this part of the award, and it is impossible to ascertain the meaning of the arbitrators. 1 *Burns' Just.* 131. *Wood's Inst.* 526. It ought to make an end of all controversies submitted. In *Bedam* v. *Clarkson*, 1 *Ld. Ray.* 123, the award was held void because it ordered *quoddam scriptum obligatorium*, without specifying

date or penalty to be delivered up. In *Bacon* v. *Dubarry*, *Ib.* 246, the court held the award void, because it ordered the payment of a sum of money, without stating that the arbitrator had found that the party was so much indebted. *Noy's Max.* 110 goes to the same point.

3. The fourth item in the award is void. It is there ordered, that in case the company shall neglect or refuse to assist in repairing or erecting the necessary banks and dams, the plaintiff may do it, and the company must be subject to a reasonable assessment, to be made by indifferent persons chosen by the parties. This lasts forever; it provides for the settlement of future referees, whereas the submission embraced only those matters which were then past. *Kyd* 92.

Another objection may be urged to this part of the award. It directs the assessment to be made by indifferent persons, without naming them; this uncertainty is fatal. Again, if these matters were within the submission, here is a delegation of their authority by the arbitrators, which is illegal and in manifest contravention of their duty; or it was not within the submission, and then clearly void.

4. The fifth item in the award is equally invalid. The costs of a former arbitration were not within the submission. Every tribunal before which a cause comes for adjudication has a right, and ought to decide, not only upon the subject matter of controversy but upon all the collateral points necessarily connected with it. The former arbitrators had a right to adjudicate upon the subject of these costs, but the arbitrators in this cause had none. They exceeded their authority in intermeddling with a business distinctly and solely cognizable by another tribunal, and have vitiated their award.

Not only do they thus interfere improperly in a matter not submitted to their consideration, and thus exceed the authority delegated to them, but they refuse to include, and expressly exclude other concerns upon which it was their

duty to decide. They do not adjudicate upon the accounts of the parties, and thus have rendered their award partial, which is another fatal objection *Kyd* 114.

*Stockton,* contra, contended that there was no necessity for going into a particular answer to all the objections that had been urged to the award. It is sufficient, according to *Fox* v. *Smith,* 2 *Wils.* 267, that it be good in that part whereof the breach is assigned. If that is unobjectionable the penalty becomes forfeited by a non-performance. The £5 10s. has not been paid, and this is all that we are called upon to consider. *Addison* v. *Gray, Ib.* 293, is to the same point.

But with regard to the principal exception which has been taken, which is to the fifth item, it is altogether unfounded. It is stated that the costs of the former arbitration was a subject proper for the decision of the first arbitrators. This does not exclude the jurisdiction of those by whom the present award has been made. The former arbitrators had a legal right to settle it, but if they have omitted to exercise this right, if the subject remained in dispute, it does not, therefore, follow that it is never to be brought to a termination. If it was unsettled, it is completely embraced by the broad language employed in this submission. It was held in *Marks* v. *Marriott,* 1 *Ld. Ray.* 114, that under a submission of all actions, suits, debts, trespasses, damages, and demands, the arbitrators may award the surrender of the possession of a house. The word "demands" has an extensive meaning, and if it was held to include real property, even at a time when this kind of property was not considered as a proper subject of arbitration, much more ought it to be held to include matters of this nature.

It has been urged, that while the abitrators have transcended their power in this particular, they have omitted, on the other hand, to adjudicate upon matters properly

within their cognizance. To this objection it may be replied, that the submission in the present case is not special but general, and therefore the court will intend that the accounts were not in controversy. *Cro. Jac.* 355; 8 *Co.* 9.; *Wils. on Arb.* 134. It was not the duty of the arbitrators to enter into the consideration of accounts which were not brought under their notice by the parties, and if they refused to decide upon matters legally within the submission, and actually introduced by the parties, such refusal admits of easy proof, and ought not to rest upon strained intendments.

It is competent, at least, for the party claiming under the award to demand proof, that the arbitrators transcended the bounds of duty; that they neglected to execute, or executed in an improper manner, the functions of their office. In the absence of all testimony impugning the propriety of their conduct, it must be presumed correct. Should the court, however, require it, the arbitrators can be examined, and they will clearly establish the fact, that there actually was no dispute between the parties, in relation to these accounts. If any ambiguity appears on the face of the proceedings of the arbitrators, this ambiguity may be explained by evidence *dehors* the award. This doctrine is recognized in *Kyd* 138, (205) where many cases are cited in corroboration of it. In *Wils. on Arb.* 161, it is said, "the submission is general; the award is said to be *de et super præmissis*, and it does not appear that any thing else was before the arbitrators." It is plain that this matter was submitted, and we have no reason to presume there was any other. Such appears to be the understanding of the court in *Ormelade* v. *Coke, Cro. Jac.* 354.

*Leake* and *Woodruff,* in reply.

THE COURT overruled the objection, and permitted the award to be read to the jury.

By way of defence to the action, the defendants offered testimony to prove that the book accounts were in controversy, and that the arbitrators did refuse or neglect to arbitrate upon, them.   The counsel urging, that if this matter was proved, it established the truth of the plea of no award, because it shewed that the award set up was illegal, and consequently a nullity.

For the plaintiff, it was objected, that such evidence was inadmissible :

1. Because it was testimony *dehors* the award.

2. Because it was a departure from the plea.

1. It is clear law, that when the parties voluntarily submit their differences to the decision of arbitrators, they cannot be relieved against the award on account of any extrinsic circumstances, by setting them up as a defence to an action on the award or the submission bond.   He cannot give in evidence any thing to impeach the conduct of the arbitrators.   The award is a determination by persons selected by the parties with due circumspection, and no evidence can be admitted to impugn its correctness which is drawn from a foreign source.   *Kyd* 226, (327–8).   In *Wills* v. *Maccormick*, 2 *Wils.* 148, evidence to prove the partiality of the arbitrators, was refused in an action of debt on an award. On a motion for a new trial, the court said, "an award is a judgment by judges chosen by the parties themselves, and a jury, in a special verdict, cannot find any matter or fact *dehors* the award ; by parity of reason nothing *dehors* the award, as partiality can be given to them in evidence."[*]

2. This evidence was inadmissible under the plea of no award, but is a manifest departure.   The defendant has pleaded, that no award was made ; an award is produced, and the court have pronounced it to be on the face of it legal, by permitting it to go to the jury.   The defendant would now go into a special allegation of fact, and shew that

---

[*] See *Veale* v. *Warner,* 1 *Saund.* 327, *n.* 3, where this case is recognized by the learned annotator, and considered as settled law.

the award is illegal because the arbitrators would not decide upon all the matters in controversy. This ought to have been specially pleaded, if it amounts to a legal defence, but we cannot be called upon, on the present issue, to examine the conduct of the referees. We have proved the award, which is the only question before the jury, and have therefore done all that the law imposes upon us. 3 *Black. Com.* 310.

For the defendant, it was contended, that the evidence was proper and legal. The plaintiff has declared upon the bond, the defendant craved *oyer* of the condition, which appears to be, that the arbitrators should make an award upon the premises or the matters submitted to them. The plaintiff had set out no award in his declaration, and the defendant pleads there was no award. Under the practice act of this state no replication was admissible, and the pleadings upon the roll end with the plea. Every thing subsequent to this is done *ore tenus.* The plaintiff, by way of replication, has produced the award, and proved it to the jury, and assigned a breach. Under these circumstances, we contend, that we are at liberty to give in evidence any and every fact which tends to prove that the paper thus shewn to the jury is not an award in law. This is the question before the court, not whether a paper has been signed by the arbitrators which they may have thought proper to call an award, but whether such an instrument has been executed, as the law will regard, as a legal instrument binding upon the parties.

The point already decided by the court is not conclusive as to this question. The court has said, that this is a general submission, but the *ita quod* ties the arbitrators up to settle all the matters contained within it. The intendment is, and the cases cited by the opposite counsel on the former question go to prove this position, that every thing was settled of which the arbitrators had notice, and this intendment is to be supported until, like every other presumption of the law, it is contradicted by testimony. We do not violate this

principle by introducing testimony to shew that this presumption fails in the present case. We offer to prove that this is no "award upon the premises," because the arbitrators refused or omitted to settle a part of the matters submitted after notice and request.

Evidence of this kind cannot properly be said to be *dehors* the award, until its effect is ascertained. An objection of this kind is a begging of the question; it assumes for its foundation the very fact in dispute, by terming this paper an award. The fact offered to be proved will shew that no award has been made.

It appears, however, on the face of the submission, that the accounts between the parties were actually left to the determination of the arbitrators, and it appears, upon the face of the award, that these matters were left unsettled. In answer to this objection it is alleged, that perhaps these accounts were not in dispute, a presumption in the face of the submission, and which we offer to prove is in direct contradiction to the fact. This evidence is in conformity with the truth, and 'does not contradict any averment in the award.

The authorities cited do not come up to this question. They shew that no averment shall be made to contradict what appears on the award. *Ormelade* v. *Coke* shews that the defendant might have pleaded any matter in avoidance of the award, and so is *Kyd* 116, (174). *Wills* v. *Maccormick* goes no farther than to shew that no matter shall be given in evidence tending to criminate the arbitrators themselves, because it would affect third persons, but it does not contravene the defendant's right to plead matter in avoidance of the award.

KINSEY, C. J. The question is not, whether this matter is pleadable, but whether you can give it in evidence under your plea of *no award*.

Richards *v.* Drinker et al.

*Ogden.* We have pleaded no award, and we offer to support this plea by proving a fact which shews that no award was made. In the reason of the thing, this evidence is not a departure. It would have been both contradictory and absurd, had we admitted in our plea that an award was made, and then alleged matter shewing there was no award. No precedent can be found of any such plea.

KINSEY, C. J. You might have admitted and set out an award in *fact*.

*Ogden.* I know of no such distinction; no award in law is no award in fact. In an action of covenant or debt on a bond the plea of *non est factum* denies the deed, both in law and fact. It would be altogether novel to admit a deed in fact, and then plead the special matter in avoidance. The manner of pleading in an action on an arbitration bond is concisely stated in *Kyd* 192, (280). The plaintiff declares as on a common bond, and after *oyer* of the condition, the defendant pleads no award; the award is then set out in the replication, and the breach assigned; and upon this the whole question arises, as on an original declaration. The defendant then rejoins no such award, or he demurs.

KINSEY, C. J. (without hearing a reply.) The practice act makes no difference as to this question; it never was understood to have the effect of altering the nature or the consequences of the plea which might be pleaded. No departure is allowed which is contrary to the ordinary rules of law, but the plea must be virtually adhered to; and the party cannot be permitted to introduce evidence to vary his grounds of defence. In this case the defendants have pleaded no award, and the question in issue is, whether this fact be true or false? It is taking altogether a new defence to admit an award to be actually made, and then avoid it by some extraneous and collateral matter. *Nullum*

*fecerunt arbitrium* can only be used to bring the legal construction of the award before the court. The case in 5 *Bac. Abr.* 450, is clearly in point and decisive of this matter. It is there said, in debt upon an obligation for performance of an award, the defendant pleads no award ; the plaintiff rejoins and shews the award and breach ; if the defendant rejoin and shew that it is void, either because there was an award of mutual releases to the time of the award, or that the award was all on one side, or that it was not made of all matters submitted, or the like, in all such cases the rejoinder is a departure ; for no award pleaded is no award at all, either in fact or in law, which is not to be maintained by shewing the award to be void, but he should first plead the award, and also the matter whereby it was void.* The evidence is clearly inadmissible and must be overruled.

The defendant then offered to prove payment of the £5 10s., which was overruled by court without argument, who held payment or performance, was a flat contradiction to the plea.

A special verdict was found by the recommendation of the court, setting forth the submission and award, and the case was afterwards argued upon the matters arising upon the face of it.

KINSEY, C. J., delivered the opinion of the court. In this case a special verdict was taken, by consent, for the plaintiff, subject to the opinion of the court. It has been elaborately argued on both sides, and now stands for our judgment.

It is unnecessary to state the case further than to mention that it is an action of debt on a bond conditioned for the performance of an award, and the principal questions arising are, as to the validity of this award.

In my opinion the case depends upon two questions.

---

* See, in confirmation of this doctrine, 1 *Saund.* 327, *n.* 1; (1 *Lev.* 245, cited ;) 2 *Saund.* 84, *c. note; I b.* 188 ; *Barlow* v. *Todd,* 3 *John.* 367; *Munro* v. *Alaire,* 2 *Caines* 320.

1. Whether the award in question be good *in toto*, or in part ? if good in part, whether it be good in that part which the breach is assigned ? 2. Whether, as the cause stands before the court, it is competent to the defendants to avail themselves of the objections that have been taken ? or, in other words, whether they have not precluded themselves from objecting to the legality of the instrument by the plea of no award ? *

In examining these questions, I shall reverse the order in which I have proposed them, and consider the second in the first place, because if the cause stands before the court in such a situation that the objections which have been urged are not open to the defendants, the dispute is at an end, and judgment must be entered for the plaintiff.

When it was first contended, that the party was foreclosed from availing himself of the objection, I confess it struck me as a novel doctrine, without any foundation in law or practice, and at variance with the former usage of our courts.

I then thought, and still think, that as the practice act has ordained that the cause shall be at issue on a plea filed, and has prohibited either a replication or demurrer in any case,† every defendant had a right, on a plea filed, to avail himself of all errors in law, arising on the face of the award, which could have come in question upon a general demurrer ; or, that he had a right to take up the cause, as if a replication had been filed, and at' his election, regard it as standing upon either of these grounds.

This idea has unquestionably been urged at this bar, and has been repeatedly practiced upon. Be this, however, as it may, I feel no difficulty in saying, that, in my opinion, the legislature, by prohibiting any pleadings upon the roll

---

* See *Swinford* v. *Brown,* 1 *Nfd Gowe* 5. It is decided, that in an action on an award to recover the sum awarded, the defendant cannot dispute the validity of the award, his proper course being to apply to the court to have it set aside. As to what may be given in evidence, under the plea of no award, see 10 *John.* 143 ; 16 *Ib.* 227.

† This act has been since repealed.

beyond the defendant's plea, never had it in contemplation to vary the rights of the parties to a suit; to prevent a party from availing himself of every legal defence against the plaintiff's claim; to oblige him to the payment of money upon an award, which was an absolute nullity in law, or when he had a defence to it which could not, consistently with the rules of pleading, be introduced to the notice of the court in his plea.

No doubt can be entertained but that a defendant may, on demurrer, avail himself of any error in law, appearing on the face of an award for the non-performance of which the suit is brought. It is in this manner that the validity of awards in point of law, for the most part, is brought into question before the court. It is scarcely necessary to cite authorities to establish this principle; those which have been referred to by the plaintiff on the argument clearly settle it. On principle, then, there ought to be as little doubt, that whenever on the whole record it is apparent that the plaintiff ought not to recover in the suit which he has brought, he never can have judgment. In the present case, the action is brought on a bond conditioned for the performance of an award; on *oyer* prayed, the defendants plead no award: the award is produced, and a breach assigned in the non-payment of a sum of money, which is therefore the foundation and the gist of the action. No replication nor plea can possibly preclude the defendant from availing himself of the legal defects of an award which absolves him from any obligation to perform it. He may do this, even after verdict against him, by motion in arrest of judgment, let his plea be ever so frivolous or untrue. He may bring the validity of the award before the court, before the trial, since the practice act, by a motion; before the alteration which was introduced by that law by a demurrer.

In *Baylie* v. *Taylor*, Cro. *Eliz.* 899, it is said, in debt upon a bond conditioned for the performance of an arbitrament, the defendant pleads *nullum fecerunt arbitrium:* the

plaintiff saith, *tale fecerunt arbitrium;* that is not sufficient without shewing in what point it is broken, so as the court may see whether he hath just cause of action. The same doctrine is asserted in *Griffin* v. *Spencer, Ib.* 321.

In *Barrett* v. *Fletcher, Cro. Jac.* 220; *Yelv.* 152; See *Meredith* v. *Allen,* 1 *Salk.* 138, it was argued, that the obligation in a case of this kind is not for debt, but is guided by the condition; and the court ought to be satisfied that the plaintiff had good cause of action, otherwise they cannot give judgment; and of this opinion was the court.

12 *Mod.* 635, is to the same point. It was debt on award; defendant sets forth a void award, and pleads performance, upon which issue is joined and verdict for plaintiff. It was moved in arrest of judgment, and judgment was arrested.

It is unnecessary to make many comments upon these authorities. I shall content myself with remarking, that according to my understanding of the law, let the defendant plead what he may, whenever the plaintiff sets forth an award and assigns a breach, if it appears upon the record that the award is bad *in toto,* or in that part in which the breach is alleged, the plaintiff cannot have judgment. This is the general doctrine of the law, and not peculiar to awards, for, in every case, if upon the whole record the plaintiff appears not to be entitled to the action, it matters not how much the other party may misplead, judgment never can be given for him. The whole doctrine of departure is therefore inapplicable to the case, for the defendant, before judgment, never is estopped from shewing that the cause of complaint does not afford a legal ground of action.

II. As to the second question. The counsel for the plaintiff having declined arguing the exceptions taken to all the items of the award, but confining themselves almost exclusively to the fifth, and the breach assigned in the non-payment of the £5 10s. as sufficient to sustain their action, I shall only remark, that as it appears to me at present, these

items are all manifestly defective. No intendment can be made to support them; they are neither final nor certain. They are not mutual, for throughout the whole award there is no one thing ordered to be done for the benefit, or in favor of the defendants, excepting that they are allowed a free passage up and and down a navigable river; a privilege to which I think every inhabitant of New Jersey is legally entitled, independent of any award, unless there is some particular law vesting the right exclusively in Richards,' of which we have never heard; which certainly has not been intimated on the present argument, and is not to be presumed. Even this privilege is allowed only upon the performance of a condition which is onerous and burthensome, the supporting of banks, which was a condition that cannot and ought not to be annexed to the exercise of a right existing by law, independent of any determination of these arbitrators. An award of this kind could not bear an argument.

After these general observations, I proceed to consider the question arising on the fifth item of the award, and the breach that has been assigned in the non-payment of the money therein mentioned. If that breach will not support the action, the plaintiff cannot, at all events, have judgment; but a non-suit ought to be entered against him.

This fifth article is as follows: "Fifthly and lastly—we do award, that the Atsion Company do pay unto William Richards the sum of five pounds, ten shillings, being the expense of a former arbitration, and further costs having accrued respecting the premises, exclusive of the book accounts of the said parties."

With respect to this article of the award it is objected, that an award ought to comprehend every thing submitted, and must not be of parcel only; and *Kyd* 114, (171) is cited as establishing this rule of law. It is contended, that by this determination of the arbitrators, they have expressly excluded the book accounts between the parties, and that by the condition of the parties, "all manner of accounts" are

clearly submitted. More particularly is it urged, ought this rule to be tenaciously adhered to when the submission by the parties is conditional and under an *ita quod*, as in the present case.

That the award must be according to the submission, and must comprehend all matters therein contained, is a rule laid down as law, by all the authoritative writers upon the subject, Not only *Kyd* is thus express, but the same doctrine is expressly recognized and fully treated of by *Viner, title Arbitrament M.* and the reason of the rule is distinctly stated by these authors. The object of the parties in making a submission, is to have a final settlement of every matter comprehended within its terms, and this purpose is defeated when the arbitrators exclude from their consideration and decision any portion of the questions between the parties. This doctrine is stated by Lord Mansfield, and Denison, J. in *Hankins* v. *Colclough*, 1 *Bur.* 274.

The case of *Berry* v. *Penring, Cro. Jac.* 399, which was cited on the argument as establishing a contrary doctrine, will not admit of this construction. The arbitrators there awarded all suits and actions should cease, and all matters be determined except concerning such a bond, which was awarded to stand in force. It was impossible to put any construction upon this language, other than that which was given it by the court, who held that an award, that this bond should stand in force and be satisfied, was a sufficient declaration of their intention relative to the instrument, and so far from amounting to a disclaimer to meddle with it, was an express adjudication. This case then, though cited in opposition to the doctrine which I have laid down, is an actual recognition of it.

If then this rule be correct, and I know of no modern decision which goes to question or weaken it, it is clear, that as in the present case, the book accounts of the parties are excluded from the consideration and decision of the arbitrators, by the express language of their award; that it comes

within this rule of law. It may be that these were the principal matters in dispute between the parties. It may be that upon an investigation of them, it would have appeared that the plaintiff was indebted to the defendants in a sum amounting to the full penalty of the bond, and that this penalty is now demanded of the latter for not paying the comparatively inconsiderable sum of £5 10*s.*

It is, we think, fair and legal to make every intendment of this kind. If on the present case we should say the award is good, and the plaintiff has a right to recover, it should be in effect to determine, that when parties submit their differences from a spirit of liberality and conciliation, to the decision of a tribunal of this kind, and make it a condition that the arbitrators shall investigate and determine upon all the matters in controversy, they may settle one which is of small importance, and leave those chiefly in the view of the parties undetermined. If they may omit deciding upon one part of a case, why not pass over all parts of it in which they happen to find difficulty?

We think the old rule the salutary and correct one. It appears as consonant to good sense, as to the decisions of courts of justice and the opinions of legal writers; and we are therefore of opinion that the award is void, because the submission being conditional, the award of parcel only, when the arbitrators had notice of other matters embraced within it, is illegal.*

As the breach, therefore, is alleged in the non-performance of an award which is invalid, the action cannot be supported, but judgment of non-suit must be entered.

Non-suit entered.

---

* That an award must decide on all questions contained in the submission, otherwise it will be void. See 14 *John.* 96.   13 *Ib.* 27.   4 *Dall.* 285.   3 *Yeates* 567.