IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW-JERSEY,

## AT JULY TERM, 1849.

---

### FERRIS v. MUNN.

1. If a matter in dispute is submitted by both parties to referees or arbitrators, and, in pursuance of the submission, it is made a rule of court, the submission is then irrevocable.

2. A *mandamus* will not issue to a court below to direct their proceeding in a matter of sound discretion within their jurisdiction.

---

On application for a *mandamus* to the Morris circuit court.

This cause was at issue, and noticed for trial in the Morris circuit, and a special jury had been struck and summoned for the occasion, when, by a written agreement, entered into between Randolph Ferris, the plaintiff, and Dr. Munn, in behalf of his son, John Munn, the defendant, the cause was referred to three referees. The agreement was filed, on the same day of its execution, in the clerk's office of the county; and the next day the plaintiff filed, in the same office, a written revocation or discharge of the same. At the next circuit, plaintiff urged on his cause for trial, pursuant to notice, and defendant moved for the ordinary rule of reference, in accordance with the agreement. The court decided that the rule of reference should

161

be entered, and this court is now moved for a *mandamus* requiring the circuit to vacate the rule of reference, and to proceed with the cause to trial according to law.

Argued, in the branch court, before the CHIEF JUSTICE and Justice RANDOLPH. *Hager* and *Whelpley*, for the motion, *J. J. Scofield*, contra.

RANDOLPH, J. The first question to be noticed, is the effect of this agreement of reference. Can it be discharged or disregarded by the court? No doubt it may, when there has been fraud used in obtaining it; but none is pretended here, unless the fact alleged, that Dr. Munn, the defendant's agent, knew that plaintiff's counsel was opposed to a reference, unless one of the referees was a lawyer. This, however, would amount to no fraud or cause for setting aside the agreement, for the plaintiff had a right to refer his cause, either with or without his counsel's approbation.

Nor can the evidence offered, that this agreement was made upon the condition that plaintiff's counsel approve of the same, have any effect upon the motion. It is not found in the written agreement, and the court must be governed by that, it being entered into by the plaintiff in person, and for the defendant by his authority. We are, then, brought to this single question, had the plaintiff a right to rescind or revoke this agreement of reference. If he had, it was done, and the court should have proceeded to try the cause. Numerous cases have been cited from the English authorities to show that agreements to arbitrate or refer matters in dispute, may be rescinded at any time before the award rendered. 2 *Arch. Pr.* 324; *Kyd* 29; *Watson on Arbitration* 27; 3 *Harr. Dig.*, Title "*Arbitration*" (8) 237.

But these are all cases under the English mode of proceeding by arbitration, which is at common law, derived from the civil law (*Kyd on Awards* 8), and is—1st, by submission, either in writing or by parol; 2d, by an order at *nisi prius*, on an agreement of the parties that the submission be made a rule, either of the court out of which the record issued or of some other court. *Kyd* 23; 1 *Anstruther's Rep.* 1; 9 *Dow. P. C.*

124. This virtually took the case, or rather the cause of action, from the court, and it then became the subject matter of an arbitration, strictly so called, the result to be enforced by attachment from the court where the rule was entered for a violation of that rule. Though sometimes a verdict was taken by consent for security to abide the event of the arbitration (*Kyd* 314), the mere submission or *nisi prius* rule not being a stay of proceedings. And 3d, proceedings under the statute 9 and 10 *William* 3, *c.* 15, § 31, when the submission is, by the agreement, made a rule of court, although no cause be pending in any court. The object of this act was to place a submission to arbitrators, when no suit was pending, in the same condition as if suit had been brought, and the submission made at *nisi prius*. 2 *Burr.* 701. In each of these modes of proceeding, the power or authority coming entirely from the party himself, and not from the court or act of law, it was held the party might revoke that authority at any time before it was executed, leaving the question of costs or forfeiture of the arbitration bond as a subject for future consideration. The inconvenience and injustice arising from these revocations became such as to call for legislative relief, and, by the statute of 3 and 4 *William* 4, *c.* 42, § 39, a submission made a rule of court is rendered irrevocable, except by leave of the court, and the arbitrators are required to proceed notwithstanding any such revocation. 3 *Harr. Dig.* 240. Beside these three modes of proceeding by arbitration or reference, as they are indiscriminately called in the English books, several of the United States have adopted a fourth, a reference properly so called, when a cause pending in court, or the subject matter thereof, instead of being tried by a jury, is referred to referees to adjust the matter and make a report of their proceedings to the court from whence their power emanated, this report being of the character of a verdict of a jury, and by the statute of Pennsylvania of 1705 (*Kyd* 34) expressed to be of the same effect.

The statute of New Jersey, drawn it is presumed by Judge Paterson, was passed in 1794, and the third section provides for references by rule of court and proceedings on the report

of the referees.  This rule of reference, though made with the consent of the parties, is the act of the court, and cannot be revoked by the party, but only discharged by the court on mutual consent.  1 *South.* 123 ; 3 *Halst.* 116.  The proceedings and report of the referees are in place of the act and verdict of a jury, and may be confirmed or set aside by the court, but one of the parties might as well undertake to rescind the *venire* or to revoke the proceedings of a jury as the rule of reference or proceedings of referees.  Had there been an actual reference, then, in this case, the plaintiff's revocation would have been a nullity. There was only a written agreement, however, to refer, and no rule entered until after plaintiff had filed what he calls a revocation ; but the agreement to refer was authority, so far as the parties were concerned, to enter the rule at any time ; and had it been entered when the agreement was filed, it would have been valid; and the court would not have disturbed it.

This court, in looking at the proceedings, must consider either that the reference was made at the time of making and filing the agreement, or subsequently, by a rule of the circuit court, and in neither case can the party be entitled to relief here.  If the reference was actually made, it is irrevocable and beyond the control of either court; if made by a rule of the court below, it was an act done by that court, within its jurisdiction and the exercise of its sound discretion ; and if any error has occurred, it cannot be rectified by a *mandamus* from this court to the court below, requiring the judge to reverse his own judgment, vacate his rule of reference, and proceed with the cause according to law.  The plaintiff's rule must be discharged with costs.

The CHIEF JUSTICE concurred.

Rule discharged.