Runyon v. Hodges.

ENOS W. RUNYON v. CHARLES W. HODGES.

1. Where, by consent of parties, a case is referred, the order of reference being general in its form, exceptions cannot be taken to the judge's decisions on the motion to confirm the report of the referees; such report must be treated as a verdict.

2. If the referees have proceeded illegally or decided erroneously, the remedy is the same as against a verdict similarly founded—*i. e.*, to set aside the report and grant a new trial.

On error to the Somerset Circuit.

Argued at June Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and REED.

For the plaintiff, *E. W. Runyon.*

For the defendant, *R. V. Lindabury.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This writ of error has no legal basis.    By its use, there has been brought before us a judgment rendered on the report of referees in the Circuit Court of the county of Somerset, and the ground on which a reversal of that proceeding is sought is, that the Circuit judge

erred in point of law, in certain of his decisions with respect to the objections interposed by the plaintiff in error, who was the defendant in the suit, on the motion to confirm the report. The objections here indicated were aimed at supposed errors in the proceedings before the referees, the principal ones being that the referees should have non-suited the plaintiff on the case made by him before them, and that illegal testimony was admitted. These objections being overruled by the Circuit judge, bills of exceptions were asked for and were signed.

The case thus presented is plainly irregular and nugatory. The reference was a general one, made by the consent of the parties, and consequently, by force of the rule of this court, the report of the referees stood before the Circuit Court possessed of all the characteristics of a verdict according to the common law. The rule of this court above alluded to, in express terms invests it with such qualities. The report could be set aside by the court on the same grounds as would justify a similar treatment of a verdict.

It will be observed that, by this rule, the legal nature of a report of referees has been materially altered. Its effect has been to put such procedure much more under the supervisory control of the court ordering the reference than was formerly the case. Antecedently to the making of the rule in question, it was well settled that a report of referees stood on the same plane with the award of arbitrators, and that neither could be annulled by the court except upon the plainest grounds, for it was declared, in the case of *Stoll's Admr.* v. *Price*, 1 *Zab.* 32, 2 *Id.* 578, that such a procedure could be avoided only for the reason that the finding was contrary to law, or that such officers had been corrupt, or had proceeded on principles contrary to natural justice, or had founded themselves on a mere mistake, which, if shown to them, they themselves would admit. Such a procedure was obviously much less tractable than a verdict, and when, consequently, by the rule of court, the former was put on the same footing with the latter, it lost something of its original nature. It is to be taken with the force of a verdict, and the consequence is, the only

remedy against errors or misconduct in the referees is by motion to set it aside, which is a proceeding that cannot be supervised by this court on writ of error.

The writ of error must be dismissed.