THE CHILDREN'S HOME ASSOCIATION v. JOHN L. HALL.

1.  Where a reference is made by consent of parties, the order of reference being general in form, the report must be treated as the verdict of a jury.
2.  Exceptions cannot be taken to the decisions of the court on motion to confirm the report. The only remedy for erroneous decisions of the referee is by motion to set aside the report and grant a new trial.

In error to the Somerset Circuit.

For the plaintiff in error, *Chas. W. Kimball.*

For the defendant in error, *Gaston & Bergen.*

The opinion of the court was delivered by

VAN SYCKEL, J. This action was instituted in the Somerset county Circuit Court, to establish a mechanics' lien claim. After issue joined, it was referred, by consent of the parties. A trial was had before the referee, who reported that he found certain facts in his report set forth, and further reported that the sum of $854.85 was due to the claimant for materials furnished by him for the building in the lien claim described, and that the said building and curtilage on which it is erected are liable for said debt.

The defendant below excepted to the confirmation of the referee's report. The Circuit Court, after hearing the objections, ordered the report to be confirmed and judgment final to be entered thereon.

A bill of exceptions to the rulings of the court upon the objections taken to the confirmation, was signed for the defendant.

By our Practice act, (*Rev.,* p. 875, *pl.* 177,) where matters of account are referred without consent of parties, either party may dissent, and, when the report is filed, demand a trial by jury. But references by consent are not regulated by statute.

They were formerly regarded as voluntary submissions to a tribunal selected by the parties, and the referee's report was held to be as conclusive as the award of arbitrators.

In later years the practice was adopted in our courts of treating the report of a referee, appointed by consent, as the verdict of a jury. This practice was sanctioned in *Fitch* v. *Archibald*, 5 *Dutcher* 160, and in the subsequent case of *Excelsior Carpet Lining Co.* ads. *Potts*, 7 *Vroom* 301.

At the same term in which the latter case was decided, rule 109 of the Supreme Court was adopted. Under this rule, all references entered by consent of parties shall state whether the award of the referees is to have the effect of a finding of arbitrators, or merely the force of a verdict, and, in the absence of such statement, the award shall be treated as a verdict.

Under the settled rule of practice, therefore, the plaintiff in error, on the refusal of the court below to set aside the report of the referee, was in the precise position he would have occupied if the verdict of a jury had been rendered against him and the court had refused to grant a new trial.

Such refusal cannot be reviewed by writ of error.

The case of *Runyon* v. *Hodges*, 17 *Vroom* 359, is in point.

If the referee decided erroneously, the only remedy of the party aggrieved is by application to set aside the report and grant a new trial.

The writ of error should be dismissed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, PARKER, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, PATERSON, WHITAKER.     13.

*For reversal*—None.