GIUSEPPE   BOCCHIERO,   APPELLANT,   v.   BENIAMINO (KNOWN ALSO AS BENJAMIN) CARRINO, RESPONDENT.

Submitted February 13, 1931—Decided May 18, 1931.

For the appellant, *Gaetano M. Belfatto.*

For the respondent, *Herbert A. Kuvin* and *Jacob S. Glickenhaus.*

The opinion of the court was delivered by

WELLS, J.   This is an appeal from an order of reference made by a Circuit Court judge in a Supreme Court issue, pending in the Essex Circuit, and from the report of the referee filed therein and judgment entered thereon in favor of the defendant-appellee and against the plaintiff-appellant.

In the month of September, 1924, the appellee, by a written lease rented to appellant a building in Newark for a period of five years.   The appellant conducted in the store part of said building a fruit, fish and chicken business, and sublet the apartments over the store.

A deposit of $345 was made by appellant with appellee as security for the payment of the last three months' rent and for the faithful performance of all the covenants and conditions under said lease.

The appellant spent $925 for fixtures and other work in making the premises suitable for his business, and claims he was doing a profitable business when appellee without notice to him, on June 10th, 1928, entered the leased premises to make repairs, tore down the east wall thereof, cluttered up the passageway and did such other acts as 'to make it impossible for appellant to carry on his business and caused him to lose the tenants in the apartments over the store.

On June 20th, 1928, appellant brought a suit in the Supreme Court against the appellee for damages, resulting from loss of rents of the sublet apartments, the loss of profits in his business, for the recovery of money spent for the fixtures, and also for the recovery of the $345 deposited as security.

The appellee filed an answer denying the allegations of the complaint, claiming that he entered upon the premises for the purpose of making necessary repairs at the request of the appellant and under an authorization contained in the lease.

The appellee also filed a counter-claim against appellant to collect the rent for the unexpired term and for damages in failing to perform the covenants requiring him to make repairs and to deliver up the premises in as good condition as he found them.

Issue was joined, and on October 28th, 1929, the case was in the daily call of cases in and for the Essex Circuit and was marked "ready." The appellant's attorney, however, was not prepared to proceed with the trial and the appellee's attorney was ready, whereupon (the record shows) the attorneys for the respective parties consented in open court that the matters in controversy between the parties be referred to some competent person to ascertain, determine and report upon.

A formal order of reference bearing date October 31st, 1929, reciting these facts and specifically stating that the matters in controversy were referred by consent of the attorneys of the respective parties was signed by the trial judge and entered in the minutes on November 7th, 1929.

On November 21st, 1929, the appellant applied to the trial judge to strike from said order of reference the word "consent." This application was denied and the case was subsequently heard by the referee, both parties participating in the hearing, although the appellant objected to the referee taking testimony on the ground that matters of account not being involved, the case was not a proper one for reference.

On December 4th, 1929, the appellant filed in the Supreme Court clerk's office a reservation of his right to a jury trial.

On April 25th, 1930, the referee reported in favor of the appellee on his counter-claim and assessed damages against appellant.

On May 27th, 1930, appellant filed in said clerk's office exceptions to the master's report.

On May 29th, 1930, appellee filed a *postea* on the referee's report signed by the trial judge on May 16th, 1930, and judgment was entered therein in favor of the appellee and against the appellant, for $852.79 damages and $290 costs.

On May 31st, 1930, an application was made to the Chief Justice, by appellant for an order setting aside the report of the referee and granting a jury trial on the exceptions filed.

This application was dismissed, the order containing the following recital, "and it appearing to the court that the matters in controversy in said cause were, by order, consented to by both parties in open court at the Circuit when the said cause was reached for trial, referred to a competent person for hearing and that the said order did not state what effect the said referee's report should have."

The appellant raises a number of points which he claims entitle him to a reversal of the judgment entered in the Supreme Court.

He insists that the matters in dispute in this case were not matters of account and, therefore, were improperly referred by the trial court to a referee.

He cites in support of this point, section 155 of the Practice act (3 *Comp. Stat., p.* 4101), which provides:

"All actions in which matters of account are in controversy may by rule be referred to some competent person or persons, to state and report an account between the parties and the amount that may be due from either party to the other," &c.

This act provides that either party may at the time of ordering such reference enter in the minutes his reservation of a right to trial by jury and at the same term in which the report is filed may demand a trial by jury, in which case the action shall be tried by jury; and it further provides that the party demanding a jury trial shall file his exceptions to the report in twenty days after notice that the same is filed, and if no such reservation has been entered or if the party fails so to demand a trial by jury, or to file exceptions, the report may be confirmed on motion of either party on ten days' notice.

Appellant, taking it for granted that the reference is governed by the Practice act, claims that he was deprived of the rights vouchsafed to him by this act and that while he entered in the minutes a reservation of a right to trial by jury and duly demanded such a trial, yet he was denied a jury trial, and that while the act and the rules of the Supreme Court require the report of the referee to be filed with the clerk of the court out of which the order of reference was

issued upon ten days' notice to the opposite party, yet no notice was given appellant, but that the report was confirmed and judgment entered on three days' notice.

Appellant also claims that the referee contravened the rules of law and that his findings were not supported by the evidence; that the trial court should have amended the order of reference because the consent of the appellant to the reference was the result of a mistake, and that the denial of the motion to amend deprived appellant of a constitutional right to have the case tried by a jury.

This court is limited by the facts as they appear of record.

In the absence of any proof as to the inaccuracy of a recital contained in the order of the court below, we must accept such recital as true.

The recitals in the order of reference, in the order denying amendment thereto, in the *postea* on the referee's report, all made by the trial court, and in the order made by Chief Justice Gummere refusing to set aside the referee's report and grant appellant a jury trial, all state that the appellant consented "that the matters in controversy in said cause be referred to some competent person to ascertain, determine and report upon such matters."

Appellant in seeking to apply the provisions of the Practice act and the Supreme Court rules, applicable to reference in matters of account to the case *sub judice*, overlooks the fact that this act and these rules are not applicable to cases not involving matters of account referred to a referee by the express consent of the parties.

This court, in the case of *The Children's Home Association* v. *Hall*, 47 *N. J. L.* 152, said:

"By our Practice act (*Rev.* 875, *pl.* 177), where matters of account are referred without consent of parties, either party may dissent, and, when the report is filed, demand a trial by jury. But references by consent are not regulated by statute.

"They were formerly regarded as voluntary submissions to a tribunal selected by the parties, and the referee's report was held to be as conclusive as the award of arbitrators.

"In later years the practice was adopted in our courts of treating the report of a referee, appointed by consent, as the verdict of a jury. This practice was sanctioned in *Fitch* v. *Archibald*, 5 *Dutch.* 160, and in the subsequent case of *Excelsior Carpet Lining Co.* ads. *Potts,* 7 *Vr.* 301.

"At the same term in which the latter case was decided, Rule 109 of the Supreme Court, was adopted. Under this rule, all references entered by consent of parties shall state whether the award of the referees is to have the effect of a finding of arbitrators, or merely the force of a verdict, and, in the absence of such statement, the award shall be treated as a verdict."

Rule 109 is now Rule 99, Supreme Court (October, 1929).

The rule of reference in the case *sub judice* contains no such statement and, therefore, has the force and effect of a jury verdict rendered at the trial.

Since the effect of the referee's report is that of a jury verdict, the appellant must make his application to the trial court to set aside the report of the referee and to ask for a new trial. This the trial court will do only on the same grounds and for the same reasons that it will set aside a jury verdict and grant a new trial as that the same was contrary to law, that the referee was corrupt, or had proceeded on principles contrary to natural justice, or had founded his report on a mere mistake, which if shown to him, he himself would admit. *Runyon* v. *Hodges,* 46 *N. J. L.* 359, cited with approval by this court, in *Children's Home Association* v. *Hall, supra* (at *p.* 153).

This court in the same case of *Children's Home Association* v. *Hall, supra* (at *p.* 153), states:

"Under the settled rule of practice, therefore, the plaintiff in error, on the refusal of the court below to set aside the report of the referee, was in the precise position he would have occupied if the verdict of a jury had been rendered against him and the court had refused to grant a new trial. Such refusal cannot be reviewed by writ of error."

There is no appeal from the trial court's refusal to grant a new trial on a jury verdict unless there has been a gross

abuse of its discretion. *Hickman* v. *Powell,* 99 *N. J. L.* 274; *Gaffney* v. *Illingsworth,* 90 *Id.* 490.

There is no evidence of any such abuse in this case.

The referee's report, having the effect of a jury verdict, a *postea* signed by the Circuit judge on said report was properly filed and no notice to appellant of the filing of said *postea* was necessary, and it was proper to enter judgment forthwith.

Had the procedure prescribed by the Practice act been applicable to the case *sub judice,* as appellant contends, he would not have been entitled thereunder to a jury trial.

Section 155 of the Practice act requires that the reservation of a right to a trial by jury in reference involving matters of account, must be made *at the time of the ordering of such reference.*

The appellant failed to do this. The rule for reference was made on October 31st, 1929, and entered in the minutes of the Supreme Court on November 7th, 1929; and the reservation for a jury trial was filed December 4th, 1929, more than one month after the making of the rule for reference, and the filing of same.

In the case of *Consolidated Electric Lamp Co.* v. *The Lux Manufacturing Co.,* 94 *N. J. L.* 1, Chief Justice Gummere, speaking for the Supreme Court, stated, on page 3, as follows:

"It is manifest from the statutory provision that a party who desires to place himself in a position where the report of the referee shall not be final and conclusive as to him, upon being confirmed by the court, can only do so by entering in the minutes *at the time of ordering the reference* his reservation of a right to trial by jury, and that if he fails to do this a demand made by him after the report is filed for such a trial will be bootless, notwithstanding that he shall have made it at the same term in which the report is filed. The language of the statute is perfectly plain, and does not call for judicial construction. The dissent to have vitality must be entered in the minutes at the time when the rule or reference is made, and not a week, or month, or any longer time thereafter."

As to the points raised in appellant's brief that the referee contravened rules of law and that his finding was not supported by the evidence—it suffices to say that since the testimony taken before the referee is not made a part of the record and that the objections and exceptions, if any, taken before such referee, are not set forth in the state of case and made part of the same for the purpose of this appeal, this court will not consider such objections and exceptions on appeal, since there is nothing before the court to show whether or not the referee committed error.

As to the point raised by appellant that he was deprived of a constitutional right to a trial by a jury—it need only be said that there is nothing in the constitution of the United States or the State of New Jersey that forbids parties waiving their rights to a jury trial and submitting the matters in dispute to the court or a referee, and it is not necessary to quote authorities to the effect that this may be done even without any legislative provision for such a waiver.

By consenting in open court that the matters in dispute should be referred to some competent person for determination, the appellant waived whatever constitutional rights to a trial by jury he had.

It is too late to complain about this now.

We conclude that the judgment of the Supreme Court should be affirmed.

*For affirmance*—TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFILED, DEAR, WELLS, JJ. 13.

*For reversal*—None.