54 N.J. Super. 157 (1959)
148 A.2d 497
EDWIN L. CARPENTER, PLAINTIFF-RESPONDENT,
v.
ROBERT G. BLOOMER AND EDITH S. BLOOMER, INDIVIDUALLY AND AS PARTNERS TRADING AS ROBERT G. BLOOMER CO., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1958.
Decided February 19, 1959.
*160 Before Judges SCHETTINO, HALL and GAULKIN.
Mr. Frank I. Casey and Mr. Henry G.P. Coates argued the cause for appellants (Messrs. Turp and Coates, attorneys; Mr. Casey, of counsel).
Mr. William H. Wells argued the cause for respondent (Messrs. Wells and Wells, attorneys).
The opinion of the court was delivered by HALL, J.A.D.
This is an appeal by defendant from a judgment of the Law Division in favor of plaintiff entered on the report of an arbitrator. An order of the trial court, consented to by the parties, directed "that this matter be referred to the Honorable Howard Eastwood [a retired judge of this Court], as an arbitrator to determine the issues, both factual and legal, involved between the plaintiff and defendant, and to report his findings as soon as practical to this Court so that a judgment may be entered thereon."
Plaintiff, a real estate salesman, instituted the action against his employer, a broker, for commissions allegedly due him under a written employment contract, following *161 termination of the relationship. Defendants' answer admitted all of the allegations of the plaintiff's complaint except the allegation that "Defendants still owe plaintiff for commissions the balance of $19,037.61," which was denied. No affirmative defenses were asserted.
We note that the complaint was filed September 20, 1956, and the answer October 22, 1956. The case was not pretried prior to the entry of the order referred to on November 12, 1957. The arbitrator filed his report April 23, 1958 after taking testimony which consumed one day. The report fully dealt with and determined the factual questions and legal issues agreed upon before him by the parties as all those involved.
On June 17, 1958 the trial judge directed the entry of the judgment under appeal by an order reading as follows:
"This action came on for trial before the Court sitting without a jury, and the Court did refer the matter to the Honorable Howard Eastwood, as an arbitrator, to determine the issues, both factual and legal, and to report his findings to the Court so that a judgment might be entered thereon, and the said Honorable Howard Eastwood did make his report to this Court, and the Court did receive and adopt the said report as and for its findings in this matter on issues, both factual and legal, upon which judgment should be entered in favor of the Plaintiff, Edwin L. Carpenter:
It is on this 17th day of June, 1958, ordered that judgment be entered in favor of the Plaintiff and against the Defendants in the sum of $15,775.00, of which sum the Defendant shall pay the Plaintiff, $5,342.50 forthwith, representing commissions already received, and the balance of $10,432.50 as and when Defendants receive payment of the commissions as set forth in said report; together with costs to be taxed against the Defendants and in favor of the Plaintiff; that the execution under this judgment shall remain within the jurisdiction of this Court and no execution hereunder shall be issued without the consent of this Court; that an allowance of $109.00 for Joseph J. DePuglio for services as reporter, and a fee of $180.00 for the Honorable Howard Eastwood, for services as arbitrator be granted, the cost of which allowance and fee should be shared equally between the Plaintiff and Defendants."
The record does not show what steps, if any, the defendants took to attack the report below, either before the arbitrator or before the trial judge, although there is a reference in the appellants' reply brief that briefs were filed with the *162 trial judge before the judgment appealed from was entered. We were advised at the argument that appellants urged at that time the same points made in their briefs here. All relate to the merits and are put to us as if this were an appeal from a judgment following a non-jury trial. Respondent's brief treats the questions in the same fashion.
Prior to oral argument, this court directed the attention of counsel to two questions not raised in the appeal  first, the authority of the trial judge to enter the order of November 12 and the resulting judgment, and second, the extent of the permissible review of the award of the arbitrator and the judgment. We must first consider these two questions.
We are satisfied that what the parties did here, in legal effect, was to submit the controversy between them to a common law arbitration, under an oral agreement expressed and confirmed by a consent order of the court in their pending cause setting forth their stipulation of the scope of the submission and the effect of the arbitrator's determination and for the entry of judgment thereon.
It is apparent from the language of the order that the parties intended that their differences should be finally determined by arbitration, as distinct from a reference or any other type of non-judge trial. The ancient practice of arbitration "[i]n its broad sense, * * * is a substitution, by consent of the parties, of another tribunal for the tribunal provided by the ordinary processes of law. The object of arbitration is the final disposition, in a speedy, inexpensive, expeditious, and perhaps less formal manner, of the controversial differences between the parties." Eastern Engineering Co. v. City of Ocean City, 11 N.J. Misc. 508, 510-511 (Sup. Ct. 1933); 3 Am. Jur., Arbitration and Award, sec. 2, p. 830; 6 C.J.S., Arbitration and Award, § 1, p. 152. "The submission [here the consent order, supplemented by the issues agreed upon by the parties before the arbitrator] is the commission of the arbitrator. By force of it he becomes a judge, with absolute power over the things submitted to his judgment." Leslie v. Leslie, 50 N.J. Eq. 103, 107 (Ch. 1892).
*163 The practice existed at common law long before the enactment of any statutes on the subject and, unless the common law has been abrogated by legislative act, parties are still at liberty to enter into a submission as at common law. Hoboken Manufacturers' R. Co. v. Hoboken Railroad Warehouse & Steamship Connecting Company, 132 N.J. Eq. 111, 116 (Ch. 1942), affirmed 133 N.J. Eq. 270 (E. & A. 1943); Eastern Engineering Co. v. City of Ocean City, supra. In line with the Hoboken case, we hold that New Jersey statutes have not abrogated the common law.
At this point it should be noted that the parties concede they were not proceeding under our present arbitration statute, N.J.S. 2A:24-1 et seq., since no attempt was made to follow the procedure there specified. While that act is broad enough (N.J.S. 2A:24-2) to cover arbitration of a controversy involved in a pending suit, resort to the statute must be bottomed on the written submission agreement of the parties (N.J.S. 2A:24-2), and all judicial proceedings with reference thereto, including confirmation of and any attack on the award and the entry of judgment thereon, must be had in a separate summary action in a specified manner. N.J.S. 2A:24-3, 5, 7 and 10. When parties agree to arbitrate the issues of a pending cause under the statute, the cause is stayed until the arbitration has been had (N.J.S. 2A:24-4) in accordance with the statutory procedure.
It may be further observed that what the parties did here did not constitute a reference in the true sense of that term. Under our new practice, references may be made only under extraordinary circumstances and our policy is definitely against their use. Our rule on the subject (R.R. 4:54-1) is obviously not designed or intended to apply to what was done here. Moreover, no approval of the Chief Justice was sought or obtained, as required by the strict language of R.R. 4:54-1. Such has indeed been suggested as jurisdictional by Mr. Justice Brennan in his dissenting opinion in La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, 300, note 3 (1957).
*164 There is a definite distinction between arbitration and a true reference, well summarized in 3 Am. Jur., Arbitration and Award, sec. 3, p. 832:
"An arbitration rests upon mutual agreement of the parties to submit their matters of difference to selected persons whose determination is to be accepted as a substitute for the judgment of a court; a reference is always in a pending cause and rests upon the constitutional and statutory powers of the court which appoints the referee as its officer and upon which his entire authority depends. Without confirmation and adoption by the court, the acts of the referee have no force or validity whatever. Nothing can originate before him and nothing can terminate with or by his decision, the entire proceeding being an exercise of judicial power by the court."
The distinction has not always been clearly recognized and considerable confusion will be found in the cases, including those in our State, between submission of a pending cause to arbitration under a rule (i.e., an order) of the court and the reference of a cause to a referee or master by consent. 3 Am. Jur., Arbitration and Award, sec. 3, p. 832; 6 C.J.S., Arbitration and Award, § 1, p. 154. There cannot be the slightest doubt, however, as to the effect of the order in the instant case. The reference is to "an arbitrator to determine the issues," both factual and legal, with direction "to report his findings * * * so that a judgment may be entered thereon." Conclusiveness of the determination, as distinct from the effect given to the findings of a master on a reference (R.R. 4:54-5), is implicit in the language used.
There also can be no question but that the submission of the pending cause to the arbitrator by the consent order here, and the subsequent entry of judgment by the trial court on the report, were entirely within the scope of arbitration at common law and within the power of the court. In fact, a judgment may be so entered on the mere agreement of the parties (as in any case where litigants consent to the entry of a judgment) without the submission having been implemented by a court order. 3 Am. Jur., Arbitration and Award, sec. 13, p. 843, sec. 154, p. 973, sec. 169, p. 983; 6 C.J.S., Arbitration and Award, § 10, p. 159, *165 § 129a(2), p. 278. See e.g. Riccomini v. Pierucci, 54 Cal. App. 606, 202 P. 344 (D.C. App. 1921), and Corrigan v. Rockefeller, 67 Ohio St. 354, 66 N.E. 95 (Sup. Ct. 1902). Examples of such early arbitration of pending causes in New Jersey may be noted; Ford v. Potts, 6 N.J.L. 388 (Sup. Ct. 1797) and Taylor v. Sayre and Peterson, 24 N.J.L. 647 (Sup. Ct. 1855).
Arbitration statutes have been basically in aid of the common law and since early days in England primarily concerned with the effective implementation and enforcement of agreements to arbitrate disputes which had not become the subject of litigation. In such situations, the agreement was revocable by any party prior to award, the successful party could not enforce his award except by a suit brought upon it, and an attack on an award could only be made by a separate action in equity brought for that purpose. 3 Am. Jur., Arbitration and Award, secs. 4 and 5, pp. 835-836; Hoboken Manufacturers' R. Co. v. Hoboken Railroad Warehouse & Steamship Connecting Co., supra. There were apparently no difficulties where the parties decided to arbitrate the issues in a pending suit and agreed that a judgment be entered therein on the award.
The first statute in New Jersey, entitled "An Act for regulating references and determining controversies by arbitration," was adopted December 2, 1794. Paterson, Laws, p. 141. It came down in substantially the original form to 1952, by reenactment in the act of April 15, 1846 (Rev. (1877) 34) and incorporation into R.S. 2:40-1 to 9, inclusive. (The sections were not enacted in Title 2A since their subject matter was already covered by our present arbitration statute and the rule on references.)
Sections 1, 2 and 6 of the 1794 statute, plus section 7 of that enacted in 1846 (which became R.S. 2:40-1 to 5, inclusive), were patterned after the original English statute of 1698 (9 and 10 William III, c. 15). They dealt entirely with common law arbitration of disputes not yet in suit by authorizing a court order requiring parties to submit to and be concluded by the arbitration to which they had *166 agreed and providing for enforcement of the same through the process of contempt. It further permitted an attack on the award, in the court which made the order, when procured "by corruption or undue means" (R.S. 2:40-3)  the sole basis of attack, as will be noted, on any common law arbitration award. It was early held in New Jersey that the purpose of the sections was to place the arbitration of such disputes on the same footing as where a suit was pending in which arbitration would be had according to the common law. Ford v. Potts, supra; Ferris v. Munn, 22 N.J.L. 161 (Sup. Ct. 1849); Inslee v. Flagg, 26 N.J.L. 368 (Sup. Ct. 1857); Hoboken Manufacturers' R. Co. v. Hoboken Railroad Warehouse & Steamship Connecting Company, supra.
Sections 3, 4 and 5 of the original act (R.S. 2:40-6 to 9, inclusive) dealt with references of a pending cause by the court to referees by consent, the report of whom "if confirmed by the court, shall be final and conclude the parties." R.S. 2:40-6. Provision was made for the entry of judgment thereon. There is some question whether these sections were derived from the English statute or drafted by Judge Paterson. Cf. Ford v. Potts, supra, with Inslee v. Flagg, supra. We need not be concerned with whether these sections were originally intended to cover arbitration of pending causes as declaratory of the common law, for the practice grew up of treating the referees' report as not conclusive like an arbitrator's award, but only as equivalent to the verdict of a jury and subject to review by the trial judge as in the case of such a verdict. Potts v. Excelsior Carpet Lining Co., 36 N.J.L. 301 (Sup. Ct. 1873); Runyon v. Hodges, 46 N.J.L. 359 (Sup. Ct. 1884); Children's Home Association v. Hall, 47 N.J.L. 152 (E. & A. 1885). The practice was formalized by rule of the Supreme Court adopted in 1873 (which became Rule 99 in the 1938 edition of the rules in effect until the new practice in 1948) providing that orders of reference entered by consent may state whether the referee's award was "to have the effect of a finding of arbitrators, or merely the force of a *167 verdict, and in the absence of such statement the award shall be treated as a verdict." R.S. 2:1 to 2:23, at p. 460. (If the rule were still in effect, the instant order would be held to provide that the award should have the effect of a finding of arbitrators.) So there grew up in New Jersey what one text writer has described as a third mode of trial at law (trial with and without a jury being the other two)  a trial by a referee on consent. Harris: Pleading and Practice in New Jersey, sec. 561 (1926). (In addition there were references in matters of account, irrespective of consent, provided for by the Practice Act of 1903 where the effect of the report depended on whether trial by jury had been reserved. R.S. 2:27-178 to 183, inclusive; Supreme Court Rules (1938) 100 and 101 (R.S. 2:1 to 2:23, at p. 460).)
It can thus be seen that references based on the cited sections of the 1794 act, whatever their original purpose, frequently became something quite different from an arbitration of a pending cause. The reference statutes, being procedural, were not enacted in Title 2A. They had been replaced by R.R. 4:54. Common law arbitration of a pending cause remains. It is of no moment that there are no procedural provisions therefor in our rules. R.R. 4:121 states: "If no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution, these rules or any applicable statutes." Cf. Colozzi v. Bevko, Inc., 17 N.J. 194, 203 (1955); State v. United States Steel Corp., 19 N.J. Super. 274, 294-295 (Ch. Div. 1952), affirmed 12 N.J. 38 (1953).
Any attack on an arbitrator's award in a pending cause must be made before the trial judge (Public Service Electric & Gas Co. v. Camden Coke & Gas Works Independent Federation, 5 N.J. Super 123 (App. Div. 1949)) and is governed by the common law. Eastern Engineering Co. v. City of Ocean City, supra. The principles of award review were well defined at an early date and have continued to the present time practically unchanged. Bell v. Price, 22 N.J.L. 578 (E. & A. 1849); Runyon v. Hodges, supra; *168 Leslie v. Leslie, supra; Bocchiero v. Carrino, 108 N.J.L. 176 (E. & A. 1931); Held v. Comfort Bus Line, 136 N.J.L. 640 (Sup. Ct. 1948). In summary they are the "corruption or undue means" referred to in the 1794 statute. R.S. 2:40-3. Generally speaking they do not differ greatly from those set forth in our present law governing a statutory arbitration. N.J.S. 2A:24-8 and 9. Anco Products Corporation v. T V Products Corporation, 23 N.J. Super. 116 (App. Div. 1952); International Association of Machinists Lodge 1292, Ind. v. Bergen Avenue Bus Owners' Association, 3 N.J. Super. 558 (Law Div. 1949). In line with the design of the parties to have their disputes speedily, economically and finally settled, every intendment is indulged in favor of the award and it is subject to impeachment only in a clear case. It will not be set aside merely because the court would have decided the facts or construed the law differently. Apart from misconduct of the arbitrator (of which, needless to say, there is not the slightest suggestion here), grounds for setting aside an award are limited, in the case of alleged mistakes of fact, to those apparent on the face of the award or admitted by the arbitrator and, as to claimed errors of law, to situations where the arbitrator meant to decide according to law and clearly had mistaken the legal rule which appears on the face of the award or by the statement of the arbitrator.
Assuming the points urged by defendants here were made to the trial judge, we find no ground to interfere with the award or consequent judgment in the light of the settled principles just stated. Defendants do not contend that there is any error of fact manifest on the face of the award. The grounds of appeal asserted by them present, almost entirely, questions of law. Quoting from their brief, Point 1 is, "The employment contract should be construed as an entirety," under which they argue that the "court" failed to consider paragraph 8 and misinterpreted paragraph 11 of the contract. The report shows the arbitrator intended to decide this issue according to law and no mistake as to the legal rule is apparent. Point 2 is that "The cause of action of the plaintiff *169 was not complete when he instituted suit." The argument under this point is that plaintiff could legally have judgment for only those sums which were due him when he started suit, and that for his share of all sums collected by defendants after the suit was started plaintiff was obliged to start a new and additional action. In passing we would say that we see no merit in this argument, but, in any event, this also was a question of law properly adjudicated by the award. Point 3 principally contends that the plaintiff had abandoned his employment and breached the contract and so is not entitled to any recovery. This, obviously, was a mixed question of law and fact and no mistake is apparent.
Since both parties treated this appeal as if it were from a judgment entered following a trial before a judge without a jury, we have also examined it from that standpoint. As so considered, we find no error and no sufficient ground to reverse the judgment or any part of it.
Since a common law arbitration of a pending action may be attempted by others in the future, we deem it proper to make certain further comments upon what was done here. First, the judgment entered in this action was improper in reciting that "the court did receive and adopt the said report as and for its findings in this matter on the issues, both factual and legal * * *." In a common law arbitration, it is the arbitrator and not the court that makes the findings; the court simply enters judgment on the report. In addition, the trial judge had no authority to make any allowance to the reporter or to the arbitrator. That is a matter of contract between the parties and the arbitrator and the reporter. If the arbitrator and the reporter are not paid, their remedy is by action against the parties. Hoboken Manufacturers' R. Co. v. Hoboken Railroad Warehouse & Steamship Connecting Co., supra, 132 N.J. Eq., at page 120. The judgment should be modified accordingly in both particulars.
As so modified, it is affirmed, without costs.