Fisher
v.
Towner,

FISHER *against* TOWNER and another :

IN ERROR.

Where the parties in an action of book-debt, during its pendency, appeared in court, and agreed to submit all matters in controversy in the suit to *A, B* and *C,* as arbitrators, and that the submission should be made a rule of court; this was done accordingly, and the court appointed the same persons arbitrators under the rule; the relation of landlord and tenant subsisted between *A* and the plaintiff, a fact known to the plaintiff, but not known to the defendant, at the time the arbitrators were appointed; the defendant objected before the arbitrators to the competency of *A* to act, but the objection was overruled, and an award was made in favour of the plaintiff; it was held, 1. that the arbitrators were appointed and acted under the first section of the statute relating to arbitrators, deriving their authority from the parties, and not from the court; 2. that the relation in question was no ground for setting aside the award.

THIS was an action of book debt, brought by *Towner* and *Mitchell* against *Fisher.* While the cause was pending in the superior court, the parties appeared and agreed to submit all matters in controversy in the suit to *W. H. Elliott, Henry Hotchkiss* and *Matthew G. Elliott,* as arbitrators; and that the submission should be made a rule of court. The court accordingly made the submission a rule of court, and appointed the above-named persons arbitrators under such rule. The arbitrators met and heard the parties, and made their award in favour of the plaintiffs to recover of the defendant 119 dollars, 62 cents.

This award being returned to the court, the defendant remonstrated against its acceptance, because *W. H. Elliott,* one of the arbitrators, was landlord of *Towner,* one of the plaintiffs, and so disqualified to act in the premises ; that this fact was unknown to the defendant, at the time the arbitrators were appointed, and long after, but was known to the plaintiffs, and by them concealed from the defendant ; and that as soon as it was known by the defendant, and before the arbitrators, he objected to said *W. H. Elliott's* acting in the cause ; but that the plaintiffs insisted upon his acting, and he did act, as arbitrator therein. The defendant also remonstrated on the ground that none of the arbitrators were appointed by the court ; and that all their proceedings were irregular and void.

The superior court found the facts stated in the remonstrance to be true, except as to the plaintiffs' concealing their knowledge from the defendant, but adjudged them insufficient, and accepted the award and rendered judgment thereon. To reverse that decision, the defendant brought the record before this court, by motion in error.

*R. I. Ingersoll*, in support of the motion, contended, 1. That *W. H. Elliott*, one of the referees, was disqualified to act, on account of his relation to one of the parties. In the first place, the duties of referees are of a *judicial* nature ; and they are, therefore, within the *reason* of the statute relating to the disqualification of judges. *Woodbridge* v. *Raymond*, *Kirby* 279. Accordingly, it has been held, that the provisions of that statute are applicable to commissioners on insolvent estates. *Stoddard* v. *Moultrop*, 9 *Conn. Rep.* 502. *Sturges* & al. v. *Peck* & al. 12 *Conn. Rep.* 139. *English* & al. v. *Smith* & al. 13 *Conn. Rep.* 221. Secondly, they are sworn officers of the court ; and are indeed a *part* of the court, as much as the jury or a committee in chancery. *Woodbridge* v. *Raymond*, *Kirby* 279. Thirdly, if these persons are to be considered merely as arbitrators appointed by the parties out of court, the relation in question is a disqualification. The law deems it equivalent to a pecuniary interest ; and it is settled, that an interest which would render a witness incompetent, will disqualify an arbitrator. 1 *Sw. Dig.* 472. *Caldwell on Arbit.* 38. Fourthly, the defendant cannot be presumed to have waived the exception, because he did not know of its existence.

2. That the appointment was irregular. The statute requires that the parties shall each appoint one, and the court a third. *Stat.* 59, 60. *tit.* 3. Here, the court either appointed none, or all.

*Baldwin* and *Robinson*, for the defendants in error, contended, 1. That the proceedings in this case are within the provisions of, and are governed by, the 1st section of the statute. The submission was of all matters in controversy in the suit ; the arbitrators were agreed on and named by the parties ; they desired their submission to be made a rule of

*New-Haven,*
July, 1840.

Fisher
*v.*
Towner,

*New-Haven,*
*July, 1840.*

Fisher
*v.*
Towner.

court; and this was accordingly done. The provisions of the statute were precisely pursued.

2. That arbitrators being a tribunal constituted by the parties, the court will not set aside their award, except for partiality or corruption in the arbitrators, mistakes upon their own principles, or fraud or misbehaviour in the parties. *Brown* v. *Green* & al. 7 *Conn. Rep.* 536. 542. 1 *Eq. Dig.* 178. 180, 1. Relationship or interest was *formerly* considered as affording a presumption of corruption; but this is not so now. The peculiar relation subsisting in this case is no evidence of partiality or interest. The court will not extend the statute disqualification to cases not within the reason of the statute.

3. That even under the 2d section, it is no objection to the award, that the parties selected and agreed upon all the arbitrators.

WILLIAMS, Ch. J. The plaintiff in error insists, that the arbitrator, who is landlord to *Towner*, is a judge, and this relation disqualifies him from acting. By the common law, parties may submit their controversies to such arbitrators as they choose, without regard to their character for wisdom or discretion, except persons who, on account of age or imbecility of mind, or dependence on others, cannot make contracts; such as infants, idiots, insane persons, villeins, &c. *Com. Dig. tit.* Arbitrament. B. C. It has been said, however, that married women may be arbitrators, and even parties in interest in the dispute. *Matthew* v. *Ollerton,* 4 *Mod.* 226. S. C. *Comb.* 218.

It is, however, claimed in this case, that the arbitrator is a judge, and so is disqualified by the express provision of our statute. We do not understand the objection to proceed so far as to disqualify every such arbitrator chosen by the parties; but that as this arbitrator was appointed, or his appointment was sanctioned, by the court, he must be considered as a judge, as much as a commissioner appointed by the court of probate; and that the statute applies to such we have recently determined. *English* & al. v. *Smith* & al. 13 *Conn. Rep.* 221. The statute disqualifies a landlord from acting as judge in the cause of his tenant; but this is no disqualification by the common law. The question then is, whether *W.*

*H. Elliott* was acting as judge within the meaning of the statute.

The statute relating to arbitrators, in the 1st section, provides, that all persons desirous to end any dispute or controversy by arbitration, may agree that their submission may be made a rule of the superior, county or city court, and that this may be done on affidavit of that agreement ; or such persons desirous to end a controversy as aforesaid, may personally appear before such court, and acknowledge that they have mutually agreed to refer all their matters of difference, or any particular dispute, to the arbitrament of certain persons by them agreed on and named ; and on their desiring such submission to be made a rule of court, the same may be entered of record ; and a rule of court shall thereupon be made that the parties shall submit and finally be concluded by such arbitration. *Stat.* 59. *tit.* 3. The 2d section provides, that when any personal action shall be pending in court, if the parties desire to refer the same to arbitration, each may choose one person to be an arbitrator, and the court may appoint a third, and their award returned into court and accepted, shall be an end of said controversy, and judgment shall be rendered and execution granted.

The 1st section confers on the court no power of appointment. The 2d section empowers the court to appoint but one, the parties having each chosen one. If the appointment of *W. H. Elliott* had been made by the court, under the 2d section of the statute, we do not think it necessary to inquire whether this appointment would be void. But what is there to show that he was the third man appointed by the court ? If we could make any inference, it would rather be, that as he is first named, he was chosen by the party. But it appears as if instead of each party choosing one, the parties mutually agreed on all ; and the court, to make it doubly strong, instead of appointing one, appointed all. It would seem, therefore, that neither the court nor the parties could have intended to act upon this section of the statute ; and the only thing which gives countenance to this idea, is, that this section is conversant only with *suits pending*, and here was a *suit pending*. But although this section is confined to cases where suits are pending, the 1st section is not confined to cases where suits are not pending. That section provides for *all*

persons, and for *any* dispute or controversy. The terms are broad and comprehensive. The plaintiffs and defendant, though parties in a suit at law, were still *persons;* and their dispute or controversy did not lose its name or character, because it was pending in a court of law. Knowing this, they appeared before the superior court where the suit was pending, and agreed to submit all matters in controversy in said suit to these three men as arbitrators, and desired that it might be made a rule of court. They bring themselves, therefore, within the letter and spirit of the 1st section of the act ; and that court, in pursuance of this request and of the statute, made this submission a rule of court. Was this all, it could not be claimed that the court had appointed these arbitrators. As yet nothing is done, but to make an entry of these proceedings on the record, for the purpose of laying the foundation for ulterior proceedings. The court are passive instruments of the law in permitting the parties to have the aid of the court in enforcing their own agreement. They only say, as you have voluntarily chosen this way of ending your controversy, the law will see that you complete what you promised to do. But the court do not inquire into the qualifications of the persons whom the parties have selected for this purpose, nor give any opinion in relation thereto. That is settled by the parties, as entirely as if there was not a rule of court.

It is said, these arbitrators are officers of the court ; for they are sworn. The law has indeed provided, that they shall be sworn ; but this no more makes them officers of the court than appraisers are. If the court does not appoint them, and does not controul them, it will require some stronger evidence than that an oath is administered to them that they will do justice between the parties, to show that they are officers of the court. But in this case, the record shows, that after the parties had mutually agreed upon these arbitrators, and their submission had been made a rule of court, the court proceeded to appoint the same persons arbitrators that the parties had chosen. This probably is only the form which it was thought would render the rule most effective. But if, as we must now suppose, the court really made this appointment, it is very evident that it could give the arbitrators no additional power or authority, nor take away from what had

already been done. These gentlemen had been legally chosen by the parties; and their act had been adopted by a rule of court. All then had been done, which the law authorizes to be done: all that had been necessary to carry into effect the object of the law. Any attempt to do more was futile and void. Any such act of the court without authority, would have no effect upon the rights of the parties, which were fixed before. As it could add nothing to what was complete without it, so it can take away nothing from what had been done in pursuance of law. The arbitrators then did not act under authority from the court, but from the parties. The court might *enforce* their doings; but the parties *authorized* them. We think, then, the case must stand upon the same ground as any other appointment of arbitrators by the parties, where there was no rule of court.

Why then should this award be set aside? There was no fraud in the opposite party; for the court have negatived the fact even of concealment by the plaintiffs. The case then is only this: one of the arbitrators was the landlord of one of the parties. He might have leased him a chamber in a shop, or he might, as in the case of *English* & al. v. *Smith* & al. have owned stock in a bank, which bank might have leased to the plaintiffs a house or a barn. Is it so that this connexion of landlord and tenant is so intimate, that it is conclusive evidence of partiality? For it is a well settled rule, that there must be partiality, or corruption, or mistake upon their own principles in arbitrators, to justify setting aside their award. *Brown* v. *Green* & al. 7 *Conn. Rep.* 536. Now, the relation subsisting between these parties must be such as to furnish evidence of partiality, or must at least give some reasonable ground of suspicion, before it would be sufficient to set aside their award. But the mere fact that one of these arbitrators was a landlord to one of the parties with whom he might have no sympathy, and in whose concerns he might have no possible interest, unless that of a creditor, does not, in our opinion, furnish any ground to impute partiality or corruption. Coupled with no other fact, it is of no importance, except in the cases within the statute. In these we are bound to regard it. There is nothing in its nature, which requires us to extend it. It is not an objection of that

character which is known to the common law, or to a court of equity.

There is no error in the judgment of the superior court.

The other Judges were of the same opinion.

Judgment affirmed.