ROBERT B. CHENEY *vs.* THEODORE S. MARTIN & wife.

Berkshire.    September 9, 1879.    ENDICOTT & LORD, JJ., absent.

The fact that an arbitrator was a party or counsel in another case between other parties involving similar questions does not, as matter of law, disqualify him to hear and determine the case before him, if, as matter of fact, he was under no bias.

WRIT OF ENTRY, returnable to the Superior Court, to recover a parcel of land in Stockbridge.    Plea, *nul disseisin.*

The case was referred by agreement of parties and rule of court to Andrew J. Waterman as referee, whose award was to be final.    The referee made and returned to court an award in favor of the demandant.    The tenant moved that the award be set aside on the following ground : " The referee was interested pecuniarily and as counsel in a similar case, the case of Spaulding against Barnum, in this court; the cases being similar in these respects, that both were real actions, to try the title of real estate which had been attached as the property of a husband, the title standing in the name of a wife, and the conveyance of the husband alleged to be fraudulent and void as to creditors."

At the hearing upon this motion, before *Rockwell,* J., the following facts appeared : The referee in this case and Spaulding had each a judgment against said Barnum, and each had attached real estate standing in the name of Barnum's wife, and Spaulding had bought in the same on the executions upon these judgments, and had brought the action of Spaulding against Barnum and wife by arrangement between Waterman and Spaulding, and Waterman acted as one of the counsel in that case, so that the referee was pecuniarily interested, and of counsel in the case of Spaulding against Barnum and wife, in that way.    This was not known to the tenants, or their counsel, until after the hearing before the referee in the case at bar.    The case of Spaulding against Barnum and wife was commenced in 1877, and was referred by agreement of parties and rule of court to Henry W. Taft as referee, and heard by him on August 15, 1878, but his award was not filed until the present June term 1879.

The case at bar was commenced in May 1878, and was heard by Waterman as referee on May 22 and May 27, 1879, and his award was also filed at the June term, and on the same day that Taft's award was filed. The hearing before Taft was concluded before the agreement and rule of reference in this case. There was no intention to mislead the tenants or their counsel in regard to the relation of Waterman to the case of Spaulding against Barnum; that relation was not intentionally concealed from them, and it was not contended that the referee was chargeable with improper conduct in the hearing before him, or was conscious of any bias or prejudice in the case, or had in his mind any recollection of the case of Spaulding against Barnum at the time he consented to act as referee. There was no evidence of any similarity in the facts of the two cases, but only that they were similar in their nature and objects.

Upon these facts, the counsel for the tenants, while disclaiming any imputation of wrong on the part of the referee, contended that, by reason of this personal pecuniary interest on the part of the referee, and as counsel, the award should be set aside; that it was invalid as matter of law; that the inference was plain and direct, and would be drawn by the court, that, if his clients had known of the interest, they would not have agreed upon him as referee, and should not be bound by his award.

The judge found, as a fact, that the referee was not actually under any bias; ruled that no cause was shown for setting aside the award; accepted the same; directed judgment to be entered for the demandant; and reported the case for the determination of this court. If the rulings were correct, the judgment was to stand; otherwise, the award was to be set aside, and a new trial ordered.

*H. J. Dunham,* for the tenants.

*H. C. Joyner,* for the demandant, was not called upon.

BY THE COURT. That the arbitrator was a party or of counsel in actions against other defendants involving similar questions did not, as matter of law, disqualify him to hear and determine this case; and the presiding judge has found that in fact he was under no bias.                    *Judgment for the demandant.*