[Civ. No. 3389. Second Appellate District, Division Two.—October 18, 1921.]

## P. RICCOMINI, Respondent, v. P. PIERUCCI, Appellant.

[1] COMMON-LAW ARBITRATION—GENERAL AWARD—REVIEW BY COURTS.— In the case of a common-law arbitration, in which the award is general and not special, if no mistake of law or·of fact appears upon its face, the court may not inquire into mere mistake or errors of judgment.

[2] ID.—DISQUALIFICATION OF ARBITRATOR—RELATION OF ATTORNEY AND CLIENT.—In the absence of evidence of partiality, a common-law arbitrator is not disqualified simply because the attorney for one of the parties litigant is likewise his attorney in another matter.

[3] ID.—PARTIALITY AND CORRUPTION—EVIDENCE—RELATION OF ATTORNEY AND CLIENT. — To justify setting aside a general award of arbitrators, there must. be partiality or corruption upon their part; and the relation of attorney and client is not such that it is conclusive evidence of partiality when the client acts as arbitrator in a matter in which his attorney happens to appear as counsel for one of the parties.

[4] ID.—HEARING OF EVIDENCE—PRESENCE OF COUNSEL.—The momentary presence of plaintiff's counsel in the room where common-law arbitrators are hearing the evidence will not vitiate the award.

[5] ID. — OVERRULING OF EXCEPTIONS — IMPLIED FINDING. — The trial court, by overruling exceptions to a general award in the case of a common-law arbitration, impliedly finds against all charges of corruption contained in the exceptions, and that implied finding may not be reviewed on appeal where it is amply supported by the evidence.

[6] ID.—SUBMISSION TO ARBITRATION—WAIVER OF FINDINGS—AWARD— JUDGMENT.—Where, after an action is at issue the parties stipulate that the controversy may be submitted to arbitrators for decision and the stipulation expressly provides that the court shall enter its judgment upon the award as made, the court, in entering judgment upon the award made, is not required to make express findings upon the issues presented by the complaint and answer.

APPEAL from a judgment of the Superior Court of Kern County. T. N. Harvey, Judge. Affirmed.

1. Impeachment of award of arbitrators or referees for mistake of fact not involving exercise of judgment, notes, Ann. Cas. 1918C, 974, 1001.

The facts are stated in the opinion of the court.

E. J. Emmons, Glenn D. Aldrich and Franklin Heck for Appellant.

E. A. Klein for Respondent.

FINLAYSON, P. J.—Defendant appeals from a judgment entered upon the award of three arbitrators appointed by the parties pursuant to a stipulation made by them in open court.

Following the dissolution, by mutual consent, of a copartnership that had existed between plaintiff and defendant, this action was brought for an accounting. Plaintiff and defendant had married sisters. For the purpose of avoiding such additional intensification of family discord as might be engendered by a continuation of their litigation in court, the parties, when the case was called for trial, entered into a stipulation whereby they agreed that each should appoint an arbitrator; that the two arbitrators so chosen should appoint a third; that in the event that the two to be selected by the parties should not be able to agree upon the third arbitrator, he should be appointed by the court; that any two of the arbitrators might make the award; and that, when the award should be made, the court should enter its judgment thereon. Pursuant to this stipulation, plaintiff selected an arbitrator, defendant selected one, and these two appointed the third, E. Toschi. Thereafter the three arbitrators met, informed the parties of the time and place of meeting, listened to the respective contentions and explanations of the parties, examined the partnership books of account, and, after deliberating for some time, unanimously decided that plaintiff was entitled to recover of the defendant the sum of $1,328.06, together with his costs of action, and made their award accordingly. Thereupon the award was filed in the office of the county clerk. Thereafter defendant filed exceptions to the award and moved that it be vacated. The grounds of exception, though somewhat numerous, may be grouped under three heads, namely, errors of judgment, bias and fraud. The court heard the evidence of the respective parties upon defendant's exceptions to the award, and after due delibera-

tion thereon overruled the exceptions and entered judgment in accordance with the award, adjudging that plaintiff recover of defendant said sum of $1,328.06 and costs of suit.

[1]   This is a case of a common-law arbitration and not the statutory arbitration provided for by ·section 1281 et seq. of our Code of Civil Procedure.   The award is general, not special.   No mistake of law or of fact appears upon its face.   Such being the case, the court may not inquire into mere mistake or errors of judgment.   A general award may not be impeached on the ground of honest mistake of judgment by evidence *aliunde*.   Such errors are among the contingencies which the parties assume when they select such tribunals.   (*Tyson* v. *Wells,* 2 Cal. 122.)

[2]   It is claimed that Toschi, the third arbitrator, was disqualified because, although defendant did not know it until after the award, the attorney for plaintiff in this action was likewise acting as attorney for Toschi in another matter—a matter having no connection whatever with any of the issues of law or of fact presented by this litigation. It is not contended that this fact was intentionally concealed from defendant or his counsel.   The decision of the trial court overruling the exceptions to the award is not subject to review by this court as to matters of fact.   And, in the absence of any evidence of partiality, we may not hold, as a matter of law, that an arbitrator is disqualified simply because the attorney for one of the parties is likewise his attorney in another matter.   [3]   It is a well-settled rule that, to justify setting aside a general award of arbitrators, there must be partiality or corruption upon their part.   The relation of attorney and client is not such that it is conclusive evidence of partiality when the client acts as arbitrator in a matter in which his attorney happens to appear as counsel for one of the parties.   On this point the reasoning in the following cases is applicable: *Cheney* v. *Martin,* 127 Mass. 304; *Goodrich* v. *Hulbert,* 123 Mass. 190 [25 Am. Rep. 60]; *Wallis* v. *Carpenter,* 13 Allen (Mass.), 19; *Fisher* v. *Towner,* 14 Conn. 26.   [4]   Equally destitute of merit is the claim that the momentary presence of plaintiff's counsel in the room where the arbitrators were hearing the evidence vitiates the award.   (*Blodgett* v. *Prince,* 109 Mass. 44.)

[5] By overruling the exceptions to the award the court impliedly found against all charges of corruption. This implied finding is amply supported by the evidence and may not be reviewed here.

[6] It was not necessary that the court should make express findings upon the issues presented by the complaint and answer. The stipulation of the parties for the submission of the controversy to arbitrators expressly provided that the court should enter its judgment upon the award as made. In the absence of fraud or other sufficient ground for setting aside the decision of the arbitrators, it was the duty of the court, pursuing the procedure stipulated for by the parties, to enter a judgment upon the award. Under the stipulation, the award, and not findings, constituted the basis for the judgment.

There are no other points that require special mention. We are satisfied that the judgment should be affirmed, and it is so ordered.

Works, J., and Craig, J., concurred.