C. ITOH & CO., LTD., Respondent, v. BOYER OIL COMPANY,
INC., Appellant.

First Department, December 16, 1921.

Arbitration — arbitrators and proceedings — findings of fact and
conclusions of law by arbitrators not reviewable — grounds upon
which award may be vacated or modified — stipulation in contract
for sale of hemp seed providing for arbitration of " any dispute
arising out of this contract " — arbitrators had power to construe
contract — award not impeached except upon substantial grounds
and for statutory reasons — no ground for vacating award.

Any finding of fact or conclusion of law of an arbitrator will not be reviewed,
and however unreasonable or unjust the merits of an award may be, they
cannot be reinvestigated, for, if it were otherwise, instead of being the end
of litigation, the award would simply be a useless step in its progress.

Under the Arbitration Law (Laws of 1920, chap. 275, § 8) which makes appli-
cable to arbitration proceedings sections 2374 and 2375 of the Code of Civil
Procedure, an arbitration award may be vacated on the grounds of fraud,
partiality, misconduct, or where the arbitrators exceed their powers;
and it may be modified for evident miscalculation of figures, mistake of
person or matter or imperfection of form.

Under a contract for the sale of hemp seed which stipulated that " Any
dispute arising out of this contract " should be arbitrated, the arbitrators
appointed thereunder had the power to determine any dispute as to the
construction of the contract and they did not exceed their powers by
adopting a construction differing from that claimed by the buyer.

Arbitration is intended as a short cut to substantial justice and an award
should not be impeached except upon substantial grounds and for the
reasons specified in the law. The record discloses no ground for vacating
the award.

APPEAL by the defendant, Boyer Oil Company, Inc., from
a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York
on the 2d day of February, 1921, upon the report and award
of an arbitrator appointed to hear, ascertain and determine the
whole issues, and from an order, entered in said clerk's office
on the same day, denying defendant's motion for a stay and
to vacate, modify and correct the award of the arbitrator,
and also from an order, entered in said clerk's office on the
same day, confirming the arbitrator's award herein.

*Frank Harvey Field* [*Henry Booth Moore* with him on the brief], for the appellant.

*Alexander Tison* [*Harry C. W. Melick* of counsel], for the respondent.

SMITH, J.:

The plaintiff and defendant entered into a contract for the sale and purchase of approximately 2,463 bags of hemp seed, as follows:

" *May* 28, 1920.

" Contract No. 725.

" Messrs. C. ITOH & Co.,

" 233 Broadway,

" New York, N. Y.:

" GENTLEMEN — We hereby beg to confirm having this day purchased from you approximately twenty-four hundred sixty-three (2463) bags of hempseed at four cents (4c) per pound, f. o. b. Seattle, Wash., bags included.

" Quality:  Like sample submitted.

" Shipment: Early shipment to Wilmington, N. C.

" Terms:  Draft against shipping documents payable on arrival of the goods at destination.

" Remarks: It is understood that some of this seed has been damaged. At the time this contract is made it is uncertain what quantity is damaged, but it will all be shipped on the contract and as payment is to be made on arrival and examination of the goods, buyers are to notify the sellers of the condition of the goods on arrival, and value of the damaged seed.

This cancels our contract No. 721 of May 25, 1920.

Not responsible for contingencies beyond our control. Any dispute arising out of this contract to be settled by arbitration in New York.

" JRCB.B

" Kindly return duplicate duly signed.

" Very truly yours,

" BOYER OIL COMPANY, INC.,

" By J. R. C. BOYER,

" *President.*"

This letter as sent to the plaintiff contained the words " 200 tons," instead of 2,463 bags, and after receiving word from Seattle that 2,463 bags of the hemp seed were in good condition, the plaintiff notified defendant, June 5, 1920, that it had modified the contract by substituting " 2,463 bags " in place of " 200 tons," and as modified this became the contract between the parties.

The hemp seed was shipped from Seattle in five cars at different times from June 8 to June 17, 1920. When the bills of lading arrived they were tendered to the defendant, which did not accept them, but asked for and received an order to examine the cars that had arrived. Upon examination the defendant claimed to have found the seed damaged and thereupon declined to take the seed at the contract price, but offered to take the three cars at three and one-half cents per pound, with freight paid to Wilmington. The plaintiff refused this offer, claiming that seed shipped was all undamaged.

The plaintiff then requested the defendant to arbitrate the matter as provided by the contract, and upon the defendant declining, made a motion to compel arbitration, and an order was made sending the matter to an arbitrator. The defendant in its brief complains that it was improperly forced into an arbitration, but as no appeal from that order was taken and the arbitration proceeded to an award, that complaint is of no moment.

The arbitrator has found that the hemp seed was sold to and became the property of the defendant when delivered to the railroad at Seattle, and that the hemp seed in the 2,463 bags was in good condition when delivered to the railroad, and, further, that the hemp seed delivered was like the sample submitted at the time of the making of the contract.

Upon the trial before the arbitrator the proof as to the condition of the seed when sampled at Wilmington is conflicting. The defendant proved that some of the seed was not up to sample, that some of the bags were wet and mouldy and the seed not of use for oil pressing, while the plaintiff proved that the seed was fully up to sample, and that while a few bags near an open door were wet, there was no mould.

The proofs in the case amply justify the award of the arbitrator, but aside from that, the courts have uniformly held

that any finding of fact or conclusion of law of an arbitrator will not be reviewed. " The courts of this State have adhered with great steadiness to the general rule that awards will not be opened for errors of law or fact on the part of the arbitrator." (*Fudickar* v. *Guardian Mutual Life Ins. Co.,* 62 N. Y. 392.) " The merits of an award, however unreasonable or unjust it may be, cannot be reinvestigated, for otherwise the award, instead of being the end of the litigation, would simply be a useless step in its progress." (*Sweet* v. *Morrison,* 116 N. Y. 19.)

The Arbitration Law (Consol. Laws, chap. 72 [Laws of 1920, chap. 275], § 8)* expressly provides that sections 2374 and 2375 of the Code of Civil Procedure, among others, shall apply to arbitrations. Those Code sections state the grounds on which an arbitration award may be vacated or modified; vacated for fraud, partiality, misconduct or exceeding powers; modified for evident miscalculation of figures, mistake of person or matter or imperfection of form.

Appellant contends, *first,* that the arbitrator has exceeded his powers in substituting a new contract and enforcing the substituted contract, while the agreement submitted to the arbitrator simply any controversy arising under the contract. It is difficult to follow this argument. At most the arbitrator has construed the contract obligations as different from the obligations claimed by the appellant to exist. But the submission stipulated was of " any dispute arising out of this contract." This clearly includes any dispute arising as to its construction, and a difference between the views of the appellant and the respondent is determined by the award made. The contention that the arbitrator refused to receive material evidence offered by the appellant, even if reviewable here, is not sustained by the record. If the award might be impeached by proof of partiality, the record shows no such partiality as to invalidate the award, and in fact no partiality whatever. Other objections are argued in appellant's brief which pertain to matters wholly immaterial to the validity of the award. Arbitration is intended to be a short cut to substantial justice between the parties. Awards should not be impeached except upon substantial grounds and for the reasons specified in the

---

* Since amd. by Laws of 1921, chap. 14.— [REP.

law. We are of opinion that the arbitrator has not here exceeded his powers, nor has he been guilty of fraud, partiality or misconduct, and the judgment and orders should be affirmed, with costs of appeal from the judgment.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Judgment and orders affirmed, with costs.