In the Matter of the Arbitration between CHARLES H. EVERITT and THE BOARD OF EDUCATION OF THE CITY OF BUFFALO, N. Y., for Erection of the Lewis J. Bennett High School.

Supreme Court, Erie County, February 25, 1928.

Arbitration — award — order directing arbitration is final after expiration of time to appeal — motion, under Civil Practice Act, § 1456, to confirm award granted.

The claimant made certain claims for additional compensation in the construction of a school building which the board of education refused to arbitrate. Arbitration was ordered by the court of certain specific items in dispute. Since no appeal was taken from that order it became a final order. Therefore, on a motion to confirm the award, the objection cannot be raised that the questions passed on were not arbitrable.

The fact that the claimant did not strictly conform to the terms of the contract to entitle him to extra compensation cannot be raised on this motion, under section 1456 of the Civil Practice Act, to confirm the award.

Supreme Court, February, 1928.                    [Vol. 131

MOTION, under section 1456 of the Civil Practice Act, to confirm the award of arbitrators appointed by order of this court. The board of education objects to confirmation, and moves to vacate, modify and correct the award, under sections 1457 and 1458 of the Civil Practice Act.

*Lafay C. Wilkie*, for Charles H. Everitt.

*Gregory U. Harmon*, Corporation Counsel, *Frederic C. Rupp* and *Frank C. Westphal*, for the board of education.

HINKLEY, J.   The claimant was the general contractor for the erection, for the board of education, of the Lewis J. Bennett High School in the city of Buffalo, N. Y.   The claimant made certain claims for additional compensation, which the board of education refused to arbitrate.   An order issued out of this court August 31, 1926, requiring the board of education to proceed with arbitration.   The preamble of that order definitely and specifically designated the items in dispute.

From that order no appeal was taken, and it constituted a final order.   (*Matter of Hosiery Mfrs. Corp. v. Goldston*, 238 N. Y. 22.)

" The defendant in its brief complains that it was improperly forced into an arbitration, but as no appeal from that order was taken and the arbitration proceeded to an award, that complaint is of no moment."   (*Itoh & Co., Ltd., v. Boyer Oil Co., Inc.*, 198 App. Div. 881, 883.)

" A valid award or estimate operates as a final and conclusive judgment, and however disappointing it may be, the parties *must* abide by it."   (*Sweet v. Morrison*, 116 N. Y. 19, 27.)

There is no claim that the arbitrators have awarded upon a matter not submitted to them, nor that they have been guilty of fraud, nor is any contention made that the award should be vacated, modified or corrected for any of the other grounds set forth in sections 1457 and 1458 of the Civil Practice Act.

The Arbitration Law is firmly established in this State.   (*Matter of Berkovitz v. Arbib & Houlberg, Inc.*, 230 N. Y. 261.)

There was no attempt to withdraw upon the part of any arbitrator.   (*Matter of Bullard v. Grace Co.*, 240 N. Y. 388.)

By a strict construction of the contract there is serious doubt as to whether the court had the strict legal right to require arbitration of the items covering which the board of education now complains.   For it seems to be undisputed that the claimant did not conform to the specific requirements of the contract to entitle him to recover extra compensation.   But that objection is not now available to the board of education, irrespective of its force as a strictly legal objection upon a trial in a court of law.   For the

court has ordered arbitration of those certain claims and the arbitrators, acting upon those matters submitted to them, have determined that, regardless of any failure upon the part of the claimant to serve notice or obtain written authority from the architect, the claimant is entitled to the awards made.

This award comes squarely within the exception where " it is held, in accordance with what seems to be a just view of the subject, that arbitrators may   *   *   *   disregard strict rules of law or evidence and decide according to their sense of equity." (*Fudickar* v. *Guardian Mutual Life Ins. Co.*, 62 N. Y. 392, 400.)

The board of education received the benefit of the extra services performed by claimant, and surely the latest tendency of the court is not to discourage a generous expenditure of public funds by a benefited municipality. (*Matter of Shaddock* v. *Schwartz*, 246 N. Y. 288.)

The same reasoning applies to the grant by the arbitrators of interest upon the award.

There is no statutory authority nor judicial precedent which would permit the court at this time to refuse to confirm the award as required in section 1456 of the Civil Practice Act. (*Matter of Wilkins*, 169 N. Y. 494.)

The award of the arbitrators upon the matters submitted to them, allowing some and disallowing at least one, is final and binding upon both parties.

Motion to confirm award granted, with costs.