## JAMES RICHARDSON & SONS, Limited, v. W. E. HEDGER TRANSP. CORPORATION.

No. 381.

Circuit Court of Appeals, Second Circuit.

July 12, 1938.

Otto & Easterday, of New York City (Henry E. Otto and Edmond B. Butler, both of New York City, of counsel), for cross-libelant-appellant.

Foley & Martin, of New York City, (James A. Martin and Christopher E. Heckman, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

September 24, 1936 appellant agreed to ship one million bushels of wheat from

Buffalo to New York by water transportation and appellee agreed to furnish necessary insurable canal tonnage to transport this cargo. The contract provided for loading between October 15 and November 15, 1936. At this time the canal season was drawing to a close; it was before winter freeze-in. About 320,000 bushels were loaded within the contract time and about 219,539 bushels were loaded after the expiration of said time. This cargo of 539,539 bushels was loaded in 19 barges but was not delivered at New York until the Spring of 1937 and was detained in the New York State Barge Canal for the winter of 1936–1937.

Appellant claims damages for the delay of delivery and filed a cross-libel to appellee's libel, seeking an arbitration of all matters in dispute. Appellant claimed damages under the detention provisions of the charter in the sum of $90,650. After issue was joined, appellant was granted an order below referring all matters in dispute to the committee on grain of the New York Produce Exchange, who were named as arbitrators. The contract of affreightment provided for arbitration by this body of "all disputes arising under this contract".

The order of reference provided that "all matters in dispute between the cross-libellant, James Richardson & Sons, Ltd., and the cross-respondent W. E. Hedger Transportation Corporation, arising under the freight booking contract dated September 24, 1936, involving the matters and things set forth in the cross-libel and complaint be and they hereby are referred to the Committee on Grain of the New York Produce Exchange for hearing and determination * * *."

After hearings, the arbitrators awarded damages in the sum of $4,450.20 to appellant for the days of delay found by them as recoverable under the detention clause, at 4¢ per ton per day. They also awarded the following items: (1) expense for additional trip risk insurance on 6 barges; (2) expense for additional trip risk insurance on the 8 barges loaded after November 15th, the rate not to exceed that paid generally by other assured in 1936–1937 under similar circumstances; (3) the additional insurance for freeze-in covering the risk on the grain detained in the canal for the Winter of 1936–1937 on 13 barges, at a rate not to exceed that paid by other shippers on grain detained in the canal during that season under similar circumstances;

(5) the sum of $9,387.50 representing 2½¢ per bushel loss in premium value on cargo in 13 barges; and (6) $281 representing the cost of inspection of the grain in the barges frozen in, as paid by appellant.

In the award, the arbitrators did not allow for the period of freeze-in at the rate of 4¢ per ton per day but listed 13 barges for various days found to be unnecessarily delayed.

The court below modified the report as to Items 2, 3, 5 and 6 and part of Item 1, holding that these items of damages were not within the order of arbitration and improperly considered by the arbitrators.

The grain was delayed and detained in the barge canal for periods varying with the respective boats from 125 to 159 days. Appellant contended it was entitled to recover 4¢ per ton per day for each day during the entire period of delay. Appellee contended that the appellant suffered little if any damages; that it had large quantities of grain on storage during the months of the delay.

As the examination proceeded before the arbitrators, proof of actual damage was offered in addition to the evidence as to cargo loadings, the tonnage and the delays. It is clear that the arbitrators in their award allowed for the unnecessary delay to cargoes as listed by appellant, for the period of time commencing with the time the barges were loaded at Buffalo and terminating prior to the time the barges were frozen in for the winter. Whether it was fault or neglect on the part of the appellee which resulted in the boats being caught in the freeze-in during the winter season was a matter for the arbitrators' consideration. The arbitrators were at liberty to find that the appellee should have expected the closing of the canal at the end of the season or they might have found that the appellee was free from fault or was excused from the delay resulting during the period of the freeze-in. These were all matters for the arbitrators only.

The order of arbitration was to decide all matters in dispute between the parties. The contract provided "all disputes arising under this contract to be arbitrated before the committee * * * whose decision shall be final and binding". The detention clause provided "a fleet shall sail within 24 hours of completion of loading and proceed to destination without delay, except that due to accidents, Acts of God, strikes, lockouts, fires or rendering necessary aid

to other vessels in distress or danger, owners shall pay charterers demurrage at rate of 4¢ per ton of 2,000 lbs. per day, or fraction thereof, for any detention at loading port beginning 24 hours after completion of loading and until beginning of voyage; also for any unnecessary (avoidable by ordinary care) delay enroute but no demurrage is chargeable for any detention at loading port between loading dates specified in charter party if operator notifies charterer before loading that boats will not move until last date".

From the pleadings and the proofs before the arbitrators, there were contentions of, and evidence was offered of, actual damages other than that specified in the detention clause. Appellant offered evidence as to special damages which the arbitrators have accepted as due to the unnecessary delay in moving the barges.

Section 11, Title 9 of the United States Code, 9 U.S.C.A. § 11, provides:

"§ 11. *Same; modification or correction; grounds; order.* In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration. * * *

"(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted."

█ The statute further provides that the court may modify and correct the award so as to effect the intent thereof and promote justice between the parties. It is clear that the arbitrators intended to award the special damages for the period of the freeze-in although they did not award damages at the rate of 4¢ per ton per day during such period. However, this was a dispute properly submitted to the arbitrators under the provisions of the contract of affreightment.

█ The arbitrators, for reasons deemed sufficient to them, made the awards as indicated. This court is without power to amend or overrule merely because of disagreement with matters of law or facts determined by the arbitrators. The Hartbridge, 2 Cir., 62 F.2d 72. Their award is final and binding. Colombia v. Cauca Co., 190 U.S. 524, 23 S.Ct. 704, 47 L.Ed. 1159; New York & Cumberland Ry. Co. v. Myers, 18 How. 246, 59 U.S. 246, 15 L.Ed. 380; Burchell v. Marsh, 17 How. 344, 58 U.S.

344, 15 L.Ed. 96; Georgia & F. R. Co. v. Brotherhood of Locomotive Engineers, 5 Cir., 217 F. 755; In re Wilkins, 169 N.Y. 494, 62 N.E. 575. There is no claim here of fraud, corruption or misconduct affecting the award.

█ The order will be reversed in so far as it strikes out the items above referred to as awarded by the arbitrators. If the parties cannot agree as to the sums of money due under any of the provisions of the award where the sum is not fixed, the matter will be resubmitted to the arbitrators for their determination.

Order reversed.