**DULIEN STEEL PRODUCTS INC. OF WASHINGTON, a corporation, Plaintiff,**

v.

**M/S THE OGEKA; Skibs A/S Ogeka, Claimant of The M/S Ogeka, Defendants.**

**No. 4141.**

United States District Court
W. D.. Washington, N. D.
Sept. 19, 1956.

Bogle, Bogle & Gates, Seattle, Wash., for plaintiff.

Riddell, Riddell & Williams, Seattle, Wash., for Skibs A/S Ogeka.

LINDBERG, District Judge.

Defendant and cross-complainant, Skibs A/S Ogeka, claimant of the M/S Ogeka, hereinafter referred to as defendant, has applied to the court by motion for an order to vacate or modify an arbitration award under Title 9, Sections 10, 11 and 12, U.S.C.

The facts are set forth in defendant's motion and exhibits attached thereto and ·the objections to said motion of plaintiff and cross-defendant (hereinafter referred to as plaintiff) and exhibits attached to said objections.

Defendant asserts in its motion that the "Arbitration Award" was the product of evident partiality (but not corruption or fraud) on the part of the arbitrators and each of them and that it exceeded their powers, and alleges five particular grounds as ·a basis for its contention. At the time of hearing and argument on said motion counsel for defendant offered no testimony and urged in argument that the award on its face disclosed evident partiality and that the charter involved in the arbitration did not authorize an award such as that made because Section 13 of said charter required that actual damage by plaintiff be proved whereas such proof was not established in the arbitration proceeding.

After defendant had concluded its showing and argument plaintiff offered the testimony of the third arbitrator, Mr. Modens Bildsoe, chosen as such by Mr. Vanderbilt as arbitrator appointed by plaintiff, and Mr. Tinling as arbitrator appointed by defendant.

■ Mr. Bildsoe testified the arbitration had been regular and impartial in all respects; also that the firm he had represented before his retirement had been represented by the firm of Bogle, Bogle & Gates since the late 1920's although the occasions the firm had been called upon for advice were infrequent and further that this relationship had no influence whatsoever upon his decision as an arbitrator. While Mr. Bildsoe's testimony as to his impartiality was self-serving and probably not persuasive had there been credible evidence apart from the award itself as to partiality on the part of the arbitrators, it is the opinion of the court that the past relationship between Bogle, Bogle & Gates and the East Asiatic Line and Mr. Bildsoe as the line's Seattle and northwest manager, as shown by the evidence, was not such as to establish by inference or otherwise that Mr. Bildsoe or the other two arbitrators were partial in making their award. See 3 Am.Jur. § 86; Davy v. Faw, 11 U.S. 171, 7 Cranch 171, 3 L.Ed. 305; Riccomini v. Pierucci, 54 Cal.App. 606, 202 P. 344.

The remaining questions are—(1) whether the "Arbitration Award" on its face discloses evident partiality of the arbitrators, and (2) whether the arbitrators exceeded their powers.

■ It appears too clear for discussion or citation that the award was within the powers of the arbitrators. The point urged by counsel for defendant that the arbitrators did not correctly construe Section 13 of the charter with respect to the proof of damage relates to an interpretation of the charter and

not to the powers of arbitration and as such involves a question of law or law and fact.

██ It must be conceded that this court is without power to vacate or modify an award merely because of disagreement with matters of law or facts determined by the arbitrators. James Richardson & Sons v. W. E. Hedger Transp. Corp., 2 Cir., 98 F.2d 55; The Hartbridge, 2 Cir., 62 F.2d 72.

██ Further there should be great hesitation in upsetting an arbitration award. Karppinen v. Karl Kiefer Machine Co., 2 Cir., 187 F.2d 32.

The language of the Supreme Court in Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 has bearing on the issue here involved. In that case the Supreme Court was construing a section of the Securities Act, 15 U.S.C.A. § 77a et seq., and in so doing gave consideration to the limited powers of a court to vacate an arbitration award. The court stated, 346 U.S. at page 435, 74 S.Ct. at page 187:

"Even though the provisions of the Securities Act, advantageous to the buyer, apply, their effectiveness in application is lessened in arbitration as compared to judicial proceedings. * * * As their award [arbitration award] may be made without explanation of their reasons and without a complete record of their proceedings, the arbitrators' conception of the legal meaning of such statutory requirements as 'burden of proof,' 'reasonable care' or 'material fact,' * * * cannot be examined. Power to vacate an award is limited. While it may be true, as the Court of Appeals thought, that a failure of the arbitrators to decide in accordance with the provisions of the Securities Act would 'constitute grounds for vacating the award pursuant to section 10 of the Federal Arbitration Act,' that failure would need to be made clearly to appear. In unrestricted submissions, such as

the present margin agreements envisage, the interpretations of the law by the arbitrators in contrast to manifest disregard are not subject, in the federal courts, to judicial review for error in interpretation. The United States Arbitration Act contains no provision for judicial determination of legal issues such as is found in the English law."

██ It would appear that the defendant at most can complain only because the arbitrators failed to apply the correct rule of law in assessing damages suffered by the plaintiff, which, if true, would be an error of law and not ground for vacation or modification of the award.

██ In the opinion of the court the record does not establish the partiality of the arbitrators or any other ground upon which the award may be vacated or modified by this court.

Order in accord with this memorandum decision to be submitted upon notice within ten days.