Arbitration between **CIA DE NAVIGACION "JULIA" S.A., Petitioner,**
and
**P. D. MARCHESSINI & CO., Ltd., London,** as agents for Sociedad Maritima San Nicolas, S. A., Respondent.

United States District Court
S. D. New York.
Jan. 29, 1959.

Zock, Petrie, Sheneman & Reid, New York City, for petitioner.

Cardillo & Smith, New York City, for respondent.

BICKS, District Judge.

This motion presents another instance of a disappointed suitor resisting confirmation of an award made by arbitrators. It would appear that arbitration is the panacea except when the award is contra to what the losing side believes would have been the result had the issue been submitted for judicial determination.

The controversy arises under a charter party, the term of which was for "about six to about seven months, fifteen (15) days more or less in Charterer's option". The vessel (S.S. Julia) was redelivered by the charterer-respondent on June 27, 1955, twenty-nine days subsequent to expiry of the "seven months and fifteen days" period. The owner-petitioner asserted a claim for damages in an amount equal to the difference between the charter rate of $3.05 and the market rate of $5.50 for the twenty-nine day delay. The position of the respondent is that the charter was not for a "flat" period but rather for an "about" period, and having acted reasonably in arranging for a concluding voyage within the charter period it should not be required to pay more than the charter rate for the excess time.

The charter provided: "any matter in dispute shall be referred for arbitration to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen." The dispute relating to the price to be paid for the use of the vessel during the period in excess of seven months fifteen days was duly submitted for arbitration in accordance with the provisions of the charter.

The three arbitrators signed a document entitled "S/S 'Julia' Arbitration" containing several paragraphs, the first two of which bear marginal notes "Dispute" and "Award" respectively. The "Award" paragraph recites that having perused the testimony and the documents offered in evidence both arbitrators decide that the "Owners do have a proper

claim for increase hire for 17 days at the difference of original hire of $3.05 and $5.50, which was the market for hire for the type of vessel at that time."

Opposition to confirmation of the award is based primarily upon the following grounds: (1) the arbitrator appointed by the two designated by the parties abdicated his duties and acted as umpire rather than as a third arbitrator; (2) the award is inconsistent on its face, and (3) the arbitrators failed to make a mutual, final and definite award. These grounds will be treated seriatim.

■ The third arbitrator was present in person throughout and took an active part in all the proceedings; he questioned all the witnesses and passed on the admissibility of proffered evidence. The arbitrators appointed by the parties agreed on the result and since the arbitration clause provided that the decision of any two of the panel should be final, the third arbitrator concluded there was no need for his indicating whether or not he concurred. The contention that by reason thereof the third arbitrator abdicated the functions of his office is unsound, unless we hold that failure to express agreement is a renunciation of the right to dissent. The failure of the third arbitrator to record his opinion on the award is not tantamount to withdrawal— indeed, he joined in signing it. Respondent cannot now be heard to urge that the award is subject to vacatur because less than unanimous since it contracted that a decision by any two of the three arbitrators shall be final. Marine Transit Corporation v. Dreyfus, 1931, 284 U.S. 263, 52 S.Ct. 166, 76 L.Ed. 282.

■ The second ground of opposition is posited on the view that since the arbitrators found it was not unreasonable to undertake the last voyage, they erred in not exonerating the respondents from the asserted liability. This view reflects an unwillingness to accept the reality that arbitrators may err as to legal consequences flowing from facts found by them. Respondent overlooks that a mo-

tion to confirm an award is not the counterpart of an appeal in a judicial proceeding. Wilko v. Swan, 1954, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168; James Richardson & Sons v. W. E. Hedger Transp. Corp., 2 Cir., 1938, 98 F.2d 55; The Hartbridge, 2 Cir., 1932, 62 F.2d 72; Dulien Steel Products, Inc. of Washington v. M/S The Ogeka, D.C.W.D.Wash. 1956, 147 F.Supp. 167; C. Itoh & Co. v. Boyer Oil Co., 1st Dept.1921, 198 App. Div. 881, 191 N.Y.S. 290. The award seems inconsistent to the respondent because it does not completely adopt its contentions; but the roads to Rome are many, and the fact that the arbitrators may have adopted a course of their own, somewhere between the poles advanced by the disputants, is not sufficient basis for refusing to give effect to an otherwise valid award. See Wilko v. Swan, supra; Application of Shapiro, 1949, 197 Misc. 241, 97 N.Y.S.2d 644, modified Shapiro v. Gordon, 1950, 277 App.Div. 927, 98 N.Y.S.2d 451; Janet Shops, Inc. v. Tweens, Inc., Sup., 1948, 82 N.Y.S.2d 185; Shirley Silk Co. v. American Silk Mills, Inc., 1939, 257 App.Div. 375, 377, 13 N.Y.S.2d 309, 311.

■■ As heretofore noted the arbitrators found that the owner had a "proper claim for increase hire for 17 days at the difference of original hire of $3.05 and $5.50 * * *" Respondent argues that the finding expressed in the "award" paragraph that the owners have a "proper claim" is not tantamount to an "award" of the amount thereof. The arbitrators erred fatally, it contends, because though unmistakably indicating the formula, they failed to oblige by doing the necessary simple arithmetic. Having consented to submit their disputes to arbitration the parties must be content with the informalities inherent in that procedure. American Almond Products Co. v. Consolidated Pecan Sales Co., 2 Cir., 1944, 144 F.2d 448; Western Canada Steamship Co. v. Cia. de Nav. San Leonardo, D.C.S.D.N.Y.1952, 105 F. Supp. 452.

Motion granted. So ordered.