******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MERRITT MEDICAL CENTER OWNERS CORP., INC.
*v.* CHARLES D. GIANETTI ET AL.

MERRITT MEDICAL CENTER OWNERS CORP., INC.
*v.* CHARLES D. GIANETTI ET AL.
(AC 41566)

DiPentima, C. J., and Bright and Devlin, Js.

*Syllabus*

The plaintiff sought to foreclose liens for unpaid common charges pursuant
to statute (§ 47-258 (m)) against two medical office units owned by the
defendant G in a common interest community. The trial court granted
the plaintiff's motions for summary judgment as to liability and rendered
judgments of foreclosure by sale, from which G appealed to this court.
*Held* that the trial court erred in rendering summary judgment in favor
of the plaintiff: although § 47-258 (m) (1) (C) required that the plaintiff's
executive board either adopt a standard foreclosure policy or specifically
vote to authorize foreclosure, the plaintiff had no standard foreclosure
policy and the plaintiff's executive board merely authorized sending the
matters to collection; moreover, because the foreclosure actions were
not commenced in compliance with § 47-258 (m), the court lacked juris-
diction over the actions.

Argued January 23—officially released May 5, 2020

*Procedural History*

Action, in each case, to foreclose a statutory lien for
unpaid common charges on a medical office unit owned
by the named defendant, and for other relief, brought
to the Superior Court in the judicial district of Fairfield,
where the court, *Hon. Alfred J. Jennings, Jr.*, judge trial
referee, granted the plaintiff's motions for summary
judgment as to liability in each case; thereafter, the
court, *Truglia, J.*, granted the plaintiff's motion for
foreclosure by sale in each case and rendered judg-
ments thereon; subsequently, the court, *Hon. Alfred J.
Jennings, Jr.*, judge trial referee, denied the named
defendant's motions for extension of time to file a
motion to reargue, and the named defendant filed a
joint appeal to this court. *Reversed; judgments directed.*

*Charles D. Gianetti*, self-represented, the appellant
(named defendant), filed a brief.

*Juda J. Epstein*, for the appellee (plaintiff).

*Opinion*

BRIGHT, J. In this joint appeal,[1] the defendant Charles D. Gianetti[2] appeals from two judgments of foreclosure by sale, each rendered in favor of the plaintiff, Merritt Medical Center Owners Corp., Inc., as to the defendant's two medical office units, which are located in a common interest community organized under the Common Interest Ownership Act (act), General Statutes § 47-200 et seq. The defendant claims in relevant part that the trial court improperly granted the plaintiff's motions for summary judgment as to liability after it erroneously concluded that the plaintiff was in compliance with the mandates of General Statutes § 47-258 (m) when it commenced these actions. We agree and, accordingly, reverse the judgments of the trial court.

The following procedural history is relevant to our consideration of the defendant's claim. The plaintiff commenced separate actions to foreclose liens pursuant to § 47-258 on the defendant's two office units as a result of outstanding common charges owed by the defendant. In docket number CV-16-6059407-S, the plaintiff sought to foreclose a statutory lien it had placed on the defendant's office unit 304 (unit 304 case). The plaintiff alleged in its complaint in the unit 304 case that it had a statutory lien for the following: "A yearly assessment for the year 2016 of $7878.24 with monthly common charges of $656.52, the first installment due January 1, 2016 and [the] defendant owes through August 19, 2016, the sum of $2564.16 together with interest, late fees, attorney fees and costs."

In docket number CV-16-6059406-S, the plaintiff sought to foreclose the lien it had placed on the defendant's office unit 305 (unit 305 case). The plaintiff alleged in its complaint in the unit 305 case that it had a statutory lien for the following: "A yearly assessment for the year 2016 of $7598.04 with monthly common charges of $633.17, the first installment due January 1, 2016, and [the] defendant owes through August 19, 2016 the sum of $2277.36 together with interest, late fees, attorney fees and costs."

In each case, the defendant pleaded the following special defense: "Payments made to [the] plaintiff, but checks from August, 2016, and October, 2016, not deposited. [The] [p]laintiff has not responded to multiple requests to . . . state status of account."[3]

The plaintiff filed a motion for summary judgment in each case, which the defendant opposed, arguing in part that the plaintiff's attempt to foreclose on his office units did not comply with § 47-258 (m). At the end of January, 2018, the court found that the plaintiff had complied with § 47-258 (m), and it rendered summary judgment as to liability in each case. On February 26, 2018, the court rendered judgments of foreclosure by

sale, setting a May 26, 2018 sale date for both units. On March 5, 2018, the defendant filed a motion for an extension of time within which to file a motion to reargue the foreclosure judgments, which, on April 2, 2018, the court denied. Despite some procedural abnormalities, which are not relevant to the issue on appeal, the defendant, on April 17, 2018, timely filed the present appeal from the judgments of the trial court.

The defendant claims that, in each of the foreclosure cases, the court erred in determining that the plaintiff had established, for purposes of summary judgment, that it had complied with the mandates of § 47-258 (m) when it instituted these actions against him, and that, on this basis, the summary judgments must be reversed and the cases remanded for dismissal for lack of jurisdiction. We agree.

"The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Citations omitted; internal quotation marks omitted.) *Lucenti* v. *Laviero*, 327 Conn. 764, 772–73, 176 A.3d 1 (2018). Statutory interpretation also is a matter of law, requiring plenary review. See, e.g., *Linden Condominium Assn., Inc.* v. *McKenna*, 247 Conn. 575, 583, 726 A.2d 502 (1999).

Section 47-258 (m) provides in relevant part: "(1) An association may not commence an action to foreclose a lien on a unit under this section unless: (A) The unit owner, at the time the action is commenced, owes a sum equal to at least two months of common expense assessments based on the periodic budget last adopted by the association pursuant to subsection (a) of section 47-257; (B) the association has made a demand for payment in a record and has simultaneously provided a copy of such record to the holder of a security interest described in subdivision (2) of subsection (b) of this section; and (C) the executive board has either voted to commence a foreclosure action specifically against that unit or has adopted a standard policy that provides for foreclosure against that unit . . . ." The defendant claims that the plaintiff failed to comply with subdivision (1) (C) of § 47-258 (m) because its executive board neither voted to commence a foreclosure action as to unit 304 or unit 305, nor had it adopted a standard policy providing for foreclosure.

The following additional procedural history is relevant. In response to the defendant's objections to the plaintiff's motions for summary judgment in which the defendant raised the issue of noncompliance with § 47-258 (m) (1) (C), the plaintiff submitted in each case an additional affidavit from Frank C. Callahan, the property manager of the plaintiff. In the affidavit in the unit 304 case, Callahan attested in relevant part that the board of directors met on June 7, 2016, and that it "voted and passed a motion to send the property known as [unit 304] . . . to collection." In the unit 305 case, the plaintiff submitted a virtually identical affidavit regarding unit 305. A copy of the board minutes also was provided to the court.

At the October 16, 2017 hearing on the plaintiff's motions for summary judgment, the defendant argued that the foreclosure cases were not commenced in compliance with the mandates of § 47-258 (m) because the board did not vote to send these matters to foreclosure, but only voted to send them to collection. The plaintiff's attorney then represented to the court that "the board voted on June 7th [and that] a collection letter was sent from our office on July 18th," and counsel directed the court to exhibit C of the plaintiff's reply memorandum to the defendant's objection to the plaintiff's motion for summary judgment. Exhibit C is a letter from the plaintiff's counsel, Juda J. Epstein, advising the defendant that Attorney Epstein was representing the plaintiff and explaining that the letter was "an attempt to collect a debt" and that the defendant could avoid litigation by rendering payment through his office.

During oral argument before this court on January 23, 2020, the plaintiff's attorney conceded that the plaintiff has not adopted a standard policy that provides for foreclosure and agreed that the only question is whether the board's vote to send the matters to "collection" was sufficient to meet the procedure set forth in § 47-258 (m) (1) (C) that requires that the board "voted to commence a foreclosure action specifically against that unit."[4] We conclude that it was not sufficient and that the trial court, therefore, lacked jurisdiction over the foreclosure case.

"The statutory language [of § 47-258 (m)] indicates that the legislature intended the three conditions necessary for commencing an action to foreclose a common charges lien to be jurisdictional prerequisites. . . . [Section] 47-258 (m) provides that '[a]n association may not commence an action to foreclose a lien on a unit owner under this section unless' it satisfies certain prescribed conditions. . . . The legislature could have phrased the requirement that a board adopt a policy or vote to commence proceedings as a limitation on a court's ability to grant relief. . . . Instead, it phrased the requirement as a condition precedent to the commencement of the action itself. Thus, the adoption of

a standard foreclosure policy is 'a condition precedent to any right of action. Until [a vote is taken or a procedure is adopted] no such right exists.' " (Citation omitted; emphasis omitted.) *Neighborhood Assn., Inc.* v. *Limberger*, 321 Conn. 29, 48–49, 136 A.3d 581 (2016).

"[T]he act's condition precedent to commencing a foreclosure action—that a board either votes to institute the particular action or to adopt a standard foreclosure policy—is jurisdictional. Liens for delinquent common expense assessments on individual units within an association are creatures of statute. . . . In addition to creating the lien and authorizing its foreclosure, § 47-258, contrary to the tenet that the priority of liens is governed by the common law rule that first in time is first in right . . . carves out an exception and grants a priority to the lien for common expense assessments. . . . Although strict foreclosure is a common-law process . . . we conclude that the right to foreclose the common charges lien is more properly characterized as a statutory right of action." (Citations omitted; internal quotation marks omitted.) Id., 48.

Clearly, subdivision (1) (C) of § 47-258 (m) requires that the executive board of an association, before invoking § 47-258 (m) to foreclose a lien on a unit, either vote to commence a foreclosure action specifically against that unit or that it have a standard policy that provides for foreclosure against that unit. See id., 46. In the present case, the plaintiff has conceded that it did not have a standard policy. A review of the record reveals that it also did not vote to commence a foreclosure action against the defendant's office units. Rather, it voted to send the matters to "collection."

The plaintiff contends that collection meant foreclosure, but it is quite clear from reading the letter sent by Attorney Epstein to the defendant that he was attempting to collect the debt when he sent a letter on behalf of the plaintiff, clearly demanding payment and telling the defendant how to avoid litigation that would expose the defendant to liability for "interest on the amount owed, together with court costs, sheriff fees and reasonable attorney's fees as provided by law." Attorney Epstein's letter mentions neither foreclosure nor the possibility that the defendant could lose ownership of his units. Additionally, and perhaps more importantly, the terms foreclosure and collection are readily distinguishable. A foreclosure is "[a] legal proceeding to terminate a mortgagor's interest in property . . . ." Black's Law Dictionary (11th Ed. 2019) p. 789. "The subject matter of a bill to foreclose, is the land mortgaged, not the debt." *Mix* v. *Hotchkiss*, 14 Conn. 31, 39 (1840). A collection matter, on the other hand, is one seeking to "receiv[e] payment of a debt, whether payment be voluntary or compelled by legal action or process." Ballentine's Law Dictionary (3rd Ed. 1969) p. 216.

The plaintiff also contends that the association

clearly meant foreclosure because the "only means for collecting a statutory condominium [assessment] is through the foreclosure process." We disagree. Pursuant to § 47-258 (f), "[t]his section does not prohibit actions against unit owners to recover sums for which subsection (a) of this section creates a lien or prohibit an association from taking a deed in lieu of foreclosure." Additionally, § 47-258 (k) specifically provides that "[i]n any action by the association to collect assessments *or* to foreclose a lien for unpaid assessments, the court may appoint a receiver of the unit owner pursuant to section 52-504 to collect all sums alleged to be due from that unit owner prior to or during the pendency of the action. . . ." (Emphasis added.) The statute clearly contemplates alternative remedies of collecting the unpaid amounts owed by a unit owner or foreclosing on the owner's unit. Because § 47-258 (m) (1) (C) requires that the executive board specifically authorize *foreclosure*, an authorization to send the defendant "to collection on units 304 and 305" is inadequate to comply with the statute.

On the basis of the foregoing, we conclude that the court erred in rendering summary judgment in favor of the plaintiff. We further conclude that the court did not have jurisdiction over these foreclosure actions because they were not commenced in compliance with § 47-258 (m).

The judgments are reversed and the cases are remanded with direction to render judgments of dismissal.

In this opinion the other judges concurred.

[1] Practice Book § 61-7 (a) (1) provides in relevant part: "Separate cases heard together and involving at least one common party may as of right be appealed jointly, provided all the trial court docket numbers are shown on the appeal form (JD-SC-033)." On the defendant's appeal form, he specifically lists docket numbers CV-16-6059406-S and CV-16-6059407-S.

[2] Also named as defendants in the foreclosure actions were encumbrancers Foster Young, Esq., Glenn Siglinger and Laura Siglinger. Those defendants are not parties to this appeal. Accordingly, we refer to Gianetti as the defendant.

[3] General Statutes § 47-258 (h) provides: "The association on request made in a record shall furnish to a unit owner a statement in recordable form setting forth the amount of unpaid assessments against the unit. The statement shall be furnished within ten business days after receipt of the request and is binding on the association, the executive board and every unit owner."

[4] The defendant failed to appear for argument, and we permitted the plaintiff to argue his response to the defendant's appeal.